DOWNEY, Judge.
By Petition for Writ of Certiorari Bro-ward Marine, Inc., seeks quashal of an order of the trial court requiring petitioner to provide copies of “any and all reports compiled by Frank Dennison, Ken Morris, C. W. Dennision, Anthony Farone and Capt. Tom Smith during the calendar year of 1976 as a result of their attendance at the joint survey on board the yacht ‘SEACHEST’ in that year.” The order also required petitioner to furnish copies of all photographs taken by or on behalf of Broward Marine, Inc.
From our examination of the petition and the responses we hold that there is no basis in this record to support the order to furnish the reports of the various named individuals. They were clearly privileged as work product. Surf Drugs, Inc. v. Vermette, 236 So.2d 108 (Fla.1970); Seaboard Air Line R. Co. v. Timmons, 61 So.2d 426 (Fla.1952); Fiorida Power & Light Company v. Limeburner, 390 So.2d 133 (Fla. 4th DCA 1980). We have not overlooked the unusual feature of this case involving a similar order being entered against respondent on motion of a codefendant requiring *1033 production of similar information.[1] However, on the principle that two wrongs do not make a right, we believe the order in question constitutes a departure from the essential requirements of law which justifies the issuance of a writ of certiorari.
With regard to the photographs which were ordered produced, the record would support a finding by the trial court that there was an agreement between counsel to furnish those photographs, and thus that part of the order in question should not be disturbed.
Accordingly, the petition for writ of cer-tiorari is granted and that part of the order requiring production of the reports is quashed.
MOORE and BERANEK, JJ., concur.

. No review of that order was sought by any of the parties.