553 So.2d 245 (1989)
George EVANGELOS, Appellant,
v.
H.H. DACHIEL, Appellee.
No. 89-1114.
District Court of Appeal of Florida, Third District.
November 21, 1989.
*246 Harvey S. Swickle, North Miami Beach, for appellant.
Lapidus & Frankel and Keith D. Diamond, Miami, for appellee.
Before BASKIN, FERGUSON and COPE, JJ.
PER CURIAM.
George Evangelos, who was defendant below, appeals from a final judgment awarding damages to plaintiff following the striking of Evangelos' pleadings as a sanction for failure to comply with discovery orders. We reverse.
H.H. Dachiel brought suit against Evangelos, and two defunct corporations, Bio-Med Corp. and Bio-Nu Laboratories, Inc., alleging in essence that he had been bilked of his investment in the corporations. Dachiel had been secretary of the two corporations and Evangelos was president. Evangelos appeared pro se to defend against the action and filed a pro se counterclaim. The defunct corporations in effect elected not to defend and have not appealed the judgment entered against them.[1]
Plaintiff Dachiel propounded a request for production of documents which asked for production of every book and record of the two corporations from 1980 onward. The request also asked for production of documents supporting the defendants' affirmative defenses and the documents supporting the allegations in the counterclaim. In response Evangelos invited Dachiel's counsel to Evangelos' offices where counsel was shown thirty boxes of documents, which were in storage there.
Dachiel filed a motion to compel production of documents, in which he claimed that Evangelos had failed to produce the requested documents; that the documents were not properly organized; and that the working conditions in the storage room were unsuitable. The trial court granted the motion and ordered the defendants to "produce categorically" all records responsive to the request for production of documents, and to make production at the offices of plaintiff's counsel. This was error.
Rule 1.350(b), Florida Rules of Civil Procedure, provides in part, "When producing documents, the producing party shall either produce them as they are kept in the usual course of business or shall identify them to correspond with the categories in the request." In the present case the two corporations were defunct and the entirety of their records were kept in storage boxes. That is the way they were then kept in the usual course of business within the meaning of the Rule. The plaintiff had requested production of literally every scrap of paper pertaining to the two corporations for the period 1980-88. Having requested a large volume of records, the plaintiff should not have been surprised when a large volume was produced. Since the records were produced as they were then kept, it was error to order the defendant to reorganize the documents so as to correspond to the categories employed by the plaintiff in his request.
It was also error for the trial court to order Evangelos to transport the thirty boxes of documents at his expense to the offices of plaintiff's counsel. Evangelos had offered to allow plaintiff's counsel to set up a work station in the storage room where the boxes were kept and suggested that plaintiff's counsel bring in a copying machine if he so desired. The plaintiff was entitled to ask the trial court to order production at a location with better working conditions, and the trial court had the discretion to grant the motion, but the expenses *247 of transporting the records should have been borne by the requesting party  the plaintiff  not the party producing the records. See Schering Corp. v. Thornton, 280 So.2d 493, 494 (Fla. 4th DCA 1973); Cooper v. Fulton, 117 So.2d 33, 36 (Fla. 3d DCA 1960).
Subsequent to the entry of the discovery order, Evangelos did make efforts to contact plaintiff's counsel to try to reduce the amount of documents to be produced, and also requested reconsideration by the trial court on at least one occasion. These efforts were unavailing. A further compliance deadline was set for December 22, 1988. The day before the deadline, Evangelos obtained counsel who appeared and requested an extension of the court-ordered deadline. While courtesy would have suggested agreement to some extension of time for new counsel, plaintiff instead filed a motion to strike the defendant's pleadings, which was granted. A default was entered against Evangelos and his counterclaim was dismissed with prejudice. A bench trial was held on damages and judgment entered against Evangelos in the amount of $432,806.48. In the meantime interim sanctions of $500 had also been entered against Evangelos for failure to comply with earlier document production orders.
The sanctions entered by the trial court were excessive. Evangelos had, in the first instance, complied with the request for production of documents. Had plaintiff not insisted on relief to which he was in no way entitled  reorganization of the documents by defendant and transportation of the records to plaintiff's office at defendant's expense  the inspection would have been promptly accomplished. Although the defendant did not comply to the letter with the interim discovery orders, the record does reflect that he attempted to work with both the plaintiff and the court in an effort to reduce the burden to manageable proportions. Defendant's noncompliance with the interim discovery orders simply does not rise to that level of willfulness which would justify the severe sanction of striking his pleadings, particularly in view of the fact that he had already produced the documents at the outset, that the interim discovery orders were erroneous, and that the plaintiff failed to extend the elementary courtesy of a short extension of time for counsel who had newly entered the case. See Velazquez v. Gaitan, 499 So.2d 66, 67 (Fla. 3d DCA 1986); Summit Chase Condominium Ass'n, Inc. v. Protean Investors, Inc., 421 So.2d 562, 564-65 (Fla. 3d DCA 1982) (majority and concurring opinions); Beaver Crane Service, Inc. v. National Surety Corp., 373 So.2d 88, 89 (Fla. 3d DCA 1979); see also Mercer v. Raine, 443 So.2d 944, 946 (Fla. 1983) ("the striking of pleadings or entering a default for noncompliance with an order compelling discovery is the most severe of all sanctions which should be employed only in extreme circumstances.")
We therefore reverse the final judgment against Evangelos, vacate the default and reinstate Evangelos' answer, affirmative defenses, and counterclaim. As Evangelos did fail, in part, to comply with the terms of the interim discovery orders (even though entered on an erroneous basis), the trial court's authority is more than amply vindicated by allowing the $500 monetary sanction to stand.[2]
Reversed and remanded.
NOTES
[1] The trial court informed Evangelos, who is not an attorney, that the corporations would need to engage counsel to defend them. The corporations elected not to do so.
[2] Evangelos has not contested the imposition of the monetary sanction.