632 So.2d 696 (1994)
Patrian SMITH, etc., et al., Petitioners,
v.
FLORIDA POWER & LIGHT COMPANY, etc., Respondent.
No. 93-2103.
District Court of Appeal of Florida, Third District.
March 1, 1994.
*697 Don Russo, Russo Talisman & Moylan and Patrice Talisman, Coconut Grove, for petitioners.
Aimee Stein, Hicks Anderson & Blum and Gary A. Magnarini and Mark Hicks, Miami, for respondent.
Before NESBITT, JORGENSON and LEVY, JJ.
JORGENSON, Judge.
This case presents a question of first impression in Florida  whether an attorney's selection of documents which by themselves would not be cloaked with the work product privilege renders that group of documents, as a discrete unit, immune from discovery. We hold that it does, and for the following reasons we grant the Petition for Certiorari and quash the order under review.[1]
Sam Smith was electrocuted and Lugene Smith suffered serious injuries while they were trimming trees located along a right of way dedicated to Florida Power and Light. Lugene and Patrian Smith, the personal representative of Sam's estate, sued FPL in separate suits; the cases were consolidated for discovery. The complaints alleged that FPL had breached its duties to inspect and maintain its power lines, to remove encroaching tree limbs, and to adequately warn those who might come into contact with the power lines.
FPL propounded a request for production that asked plaintiffs to produce "[a]ll other documents of Defendant Florida Power & Light Company in your possession and not produced by Defendant Florida Power & Light in this cause." This request came after FPL learned in the course of depositions that plaintiffs' attorney had come to possess  from sources other than FPL  certain FPL-generated business documents.[2] However, FPL did not know which of its documents plaintiffs' attorney had uncovered.
Plaintiffs objected to the request for production on the basis of attorney work product. At the hearing on the objection, plaintiffs' attorney asserted that the documents were not discoverable at this point in the litigation because the very grouping of those FPL documents, which had been collected outside of the discovery process, would reveal his mental impressions. In response, FPL argued that the documents sought could not be considered the work product of plaintiffs' attorney, as they were prepared by FPL in the ordinary course of its business, not in anticipation of litigation. FPL advanced no other argument, either in the trial court or before this court, to force the production of documents that it already possessed but could not specifically identify. The trial court overruled plaintiffs' objections and ordered them to produce the documents; plaintiffs seek review of that order. We conclude that the trial court departed from the essential requirements of law.
Florida Rule of Civil Procedure 1.280(b)(3) provides:
Subject to the provisions of subdivision (b)(4) of this rule, a party may obtain discovery of documents and tangible things otherwise discoverable under subdivision (b)(1) of this rule and prepared in anticipation of litigation or for trial or for another party or by or for that party's representative, including that party's attorney ... only upon a showing that the party seeking discovery has need of the materials in the preparation of the case and is unable without *698 undue hardship to obtain the substantial equivalent of the materials by other means. In ordering discovery of the materials when the required showing has been made, the court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation (emphasis added).
Interpreting the federal rule after which the Florida rule was patterned,[3] the Supreme Court explained that immunity from discovery was necessary to preserve the privacy of an attorney's preparation and ensure the proper functioning of the adversarial system. Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947). "Proper preparation of a client's case demands that he assemble information, sift what he considers to be the relevant from the irrelevant facts, prepare his legal theories and plan his strategy without undue and needless interference." Hickman, 329 U.S. at 510, 67 S.Ct. at 393. Although "[w]hat constitutes `work product' is incapable of concise definition adequate for all occasions," an attorney's evaluation of the relative importance of evidence falls squarely within the parameters of the privilege. Surf Drugs, Inc. v. Vermette, 236 So.2d 108, 112 (Fla. 1970). See also Charles Ehrhardt, Florida Evidence § 502.9 (1993 Ed.) In this case, the group of documents sought would reveal the attorney's assessment of the relative importance of each of those documents, and of their significance as a collection. The attorney's strategy in culling only those documents from a possibly infinite universe of corporate documents would be apparent to FPL upon plaintiffs' production of the collection. Production would focus on the lawyer's discriminating eye, and would lay bare that lawyer's protected thought processes.
The documents sought by FPL are not, in and of themselves, the work product of plaintiffs' attorney, as defendant FPL created them in the ordinary course of its corporate business. See Cotton States Mut. Ins. Co. v. Turtle Reef Assoc., 444 So.2d 595 (Fla. 4th DCA 1984) (materials assembled in ordinary course of business unrelated to litigation are excluded from work product). Nevertheless, even if the individual documents sought are not attorney work product, "the selection process itself represents defense counsel's mental impressions and legal opinions as to how the evidence in the documents relates to the issues and defenses in the litigation." Sporck v. Peil, 759 F.2d 312, 315 (3d Cir.), cert. denied, 474 U.S. 903, 106 S.Ct. 232, 88 L.Ed.2d 230 (1985). In Sporck, the Third Circuit held that the selection and compilation of documents by counsel in preparation for pretrial discovery fell within the "highly-protected category of opinion work product," because identification of documents as a group would reveal counsel's selection process. Sporck, 759 F.2d at 316.
"In cases that involve reams of documents and extensive document discovery, the selection and compilation of documents is often more critical than legal research." Shelton v. American Motors Corp., 805 F.2d 1323 (8th Cir.1986) (citing James Julian, Inc. v. Raytheon Co., 93 F.R.D. 138, 144 (D.Del. 1982)). In Shelton, the Eighth Circuit prohibited plaintiffs from compelling defense counsel even to acknowledge the existence of a collection of AMC-generated documents that she had assembled. Where opposing counsel "has engaged in a selective process of compiling documents from among voluminous files in preparation for litigation, the mere acknowledgement of the existence of those documents would reveal counsel's mental impressions, which are protected as work product." Shelton, 805 F.2d at 1326.
In this case, plaintiffs were ordered to produce "[A]ll other documents of Defendant Florida Power & Light Company in your possession and not produced by Defendant Florida Power & Light Company in this cause." The documents sought comprise a grouping that is the end result of counsel's selection process; identification of the group would reveal counsel's mental impressions. FPL did not, nor could it allege a need for the documents or undue hardship in obtaining *699 them so as to overcome the privilege under Florida Rule of Civil Procedure 1.280(b)(3); all the documents sought are in FPL's possession. "[W]here a request is made for documents already in the possession of the requesting party, with the precise goal of learning what the opposing attorney's thinking or strategy may be, even third-party documents may be protected." In re: Grand Jury Subpoenas, 959 F.2d 1158, 1166 (2d Cir.1992).[4] In any event, considerations of need and undue hardship on the part of FPL are not relevant in this analysis, because the protected collection of documents constitutes opinion work product, which is "absolutely, or nearly absolutely, privileged." State v. Rabin, 495 So.2d 257, 262 (Fla. 3d DCA 1986).[5]
The trial court departed from the essential requirements of law in compelling production of the documents in violation of the work product privilege.[6]
Petition for certiorari granted; order quashed; remanded for further proceedings.
NOTES
[1] Certiorari is the appropriate method by which to review an order entered in connection with discovery proceedings. Fortune Ins. Co. v. Santelli, 621 So.2d 546 (Fla. 3d DCA 1993); see also Broward Marine, Inc. v. McCall, 392 So.2d 1032 (Fla. 4th DCA 1981) (certiorari granted to review and quash order compelling production of documents protected by attorney work product privilege).
[2] FPL has never suggested that the documents sought were acquired illegally. It appears that plaintiffs' counsel came by them through an informal network of attorneys who had received the materials through discovery in similar litigation against FPL.
[3] The Florida rule on attorney work product closely resembles the federal rule; district courts of appeal may look to federal case law for guidance. Cotton States Mut. Ins. Co. v. Turtle Reef Assocs., 444 So.2d 595 (Fla. 4th DCA 1984).
[4] An in camera review of the documents requested would be futile  it is not what the documents themselves say which is contended to be work product but counsel's selection thereof.
[5] In Rabin, we distinguished "fact" work product, which consists of "factual information which pertains to the client's case," and "opinion" work product, which "consists of the attorney's mental impressions, conclusions, opinions, or theories concerning his client's case." Rabin, 495 So.2d at 262 (citations ommitted).
[6] Plaintiffs concede that the documents may be subject to discovery at some later point in the litigation, and will be discoverable if they are to be used as evidence at trial. See, e.g., Dodson v. Persell, 390 So.2d 704 (Fla. 1980) (holding that surveillance films are not protected by attorney work product privilege; materials or testimony intended for trial use as evidence, and not merely to aid counsel in trying case, are discoverable).