PER CURIAM.
Glendale Montessori School, Inc., appeals an order denying its motion for return of property in the custody of the Stuart Police Department. We hold the trial court erred when it denied the school’s motion.
In August 1987 the state executed a search warrant and seized the school’s personnel and student records in connection with a criminal investigation of two school employees, Brenda Williams and James Toward, for alleged offenses against minor students. In May 1989 Brenda Williams pleaded nolo con-tendere to four counts, and she has served her prison term. In June 1989 James Toward pleaded guilty to six counts, and, pursuant to a negotiated plea in which the state agreed not to pursue additional charges against him, he is presently incarcerated. Appellant, not a party to the criminal prosecutions, sought production of the records from the Stuart Police Department to defend civil lawsuits instituted in October 1992 by five former students. Appellant properly filed with the criminal court its motion for recovery of the records exclusively owned by appellant and compiled independently of the criminal activity. See Brown v. State, 613 So.2d 569 (Fla. 2d DCA 1993). The police department refused to relinquish appellant’s property because the records are being held as evidence to allow law enforcement to pursue the original charges in the event James Toward’s plea is set aside.
As both criminal cases have terminated and the time for a rule 3.850 motion by James Toward has expired, the state has minimal interest in retaining the original records as evidence. Accordingly, we reverse the order denying appellant’s motion for return of property. See Brown, 613 So.2d at 570; see also United States v. Wright, 610 F.2d 930 (D.C.Cir.1979); United States v. Wilson, 540 F.2d 1100 (D.C.Cir.1976). We direct the trial court to enter an order directing the state to return the records to appellant. On remand, the trial court may enter such orders as it deems necessary to protect the identities of the victims from public disclosure.
REVERSED and REMANDED.
DELL, C.J., and GUNTHER and KLEIN, JJ., concur.