678 So.2d 1356 (1996)
The STATE of Florida, Petitioner,
v.
Ronald WILLIAMS and Walter Kolker, Respondents.
No. 96-1317.
District Court of Appeal of Florida, Third District.
August 7, 1996.
*1357 Robert A. Butterworth, Attorney General, and Richard L. Polin, Assistant Attorney General, for petitioner.
Jeffrey S. Weiner, Boca Raton, and Edgar Miller, Coral Gables, for respondents.
Before BARKDULL, LEVY and GREEN, JJ.
LEVY, Judge.
The State of Florida petitions this court for a Writ of Common Law Certiorari seeking to quash a trial court order requiring the State to photocopy the seized documents and to identify the evidence the State intends to use at trial. We have jurisdiction under Rule 9.030(b)(2)a, Florida Rules of Appellate Procedure. For the following reasons, we grant the petition and quash the order of the trial court under review.
In 1992, pursuant to a valid search warrant, the Florida Department of Law Enforcement seized a voluminous amount of business records from Interco Funding Group/Onyx Financial Group consisting of approximately eighty file drawers worth of materials. The seizure was related to the investigation of Ronald Williams and Walter Kolker (hereinafter "respondents") who were charged by information with multiple counts including racketeering, conspiracy to commit racketeering, fraudulent transactions, organized fraud, issuance of worthless checks and violation of the loan brokers statute. The records consisted of hundreds of thousands of documents which were stored in 285 boxes.
On March 20, 1996, the respondents filed a Motion for Return of Seized Property. The motion requested that the State be directed to return the seized documents to the respondents. The respondents alleged that in the absence of access to those materials their ability to prepare a defense in this case had been impaired. The respondent, Ronald Williams, also filed a separate Motion to Require the State to Identify the Evidence it Intends to Use at Trial. The trial court conducted a hearing on the motions and entered an order granting both motions. The order demanded that the State copy all of the documents contained in the 285 boxes, at its expense, and forward said photocopies to the respondents. The order also directed the State to disclose, by December 2, 1996, all of the documents it intends to use at trial.
The trial court departed from the essential requirements of law in ordering the State to photocopy the seized documents at its own expense. As a matter of course, courts should not order the State to return property lawfully seized pursuant to a valid search warrant where the State is actively conducting a prosecution. See Glendale Montessori School, Inc. v. State, 645 So.2d 164 (Fla. 4th DCA 1994) (reversing order denying return of seized property where both criminal cases have terminated and the time to file a Rule 3.850 motion by the defendant has expired); Alvarez v. State, 485 So.2d 470 (Fla. 3d DCA 1986) (reversing order denying return of seized property where defendant could no longer be prosecuted for offense due to the expiration of the speedy trial time).
Rather, Rule 3.220(b)(1), Florida Rules of Criminal Procedure, provides that after the defendant's written discovery demand "the prosecutor shall disclose to defense counsel and permit defense counsel to inspect, copy, test and photograph the following information and material within the State's possession or control ...." (emphasis added). Although the rule is silent regarding who may bear the cost of the document inspection or copying, any reasonable construction of the rule would place the burden of any copying costs upon the defendant. See Evangelos v. Dachiel, 553 So.2d 245 (Fla. 3d DCA 1989); Schering Corp. v. Thornton, 280 So.2d 493 (Fla. 4th DCA 1973). According to the language of the rule 3.220(b)(1), the State's only obligation to a non-indigent *1358 defendant is to allow the defense counsel access to the records.[1]
In the instant case, the State is conducting an ongoing prosecution of the respondents of which the documents play a central role. The State had sent numerous boxes of documents to a printer in order that the respondents have an opportunity to copy the documents. However, the respondents determined that they did not want to spend the money for the copying costs. Additionally, the State advised the respondents that the documents at issue were completely open to defense counsel for review. For the foregoing reasons, we find that the trial court erred in requiring the State to photocopy the documents at its own expense when the documents are freely available for the respondents to photocopy.
The trial court also erred in requiring the State to disclose to the respondents a list of all of the documents that it intends to use at trial. A prosecutor's work product is generally not subject to pretrial disclosure. See Rule 3.220(g), Florida Rules of Criminal Procedure; State v. Rabin, 495 So.2d 257 (Fla. 3d DCA 1986)(holding that "opinion" work product is nearly absolutely privileged and therefore not subject to disclosure). In the case at bar, the State asserts that the trial court order requiring that the State disclose to the respondents a list of the documents that it intends to use is contrary to the work-product doctrine because it would serve to highlight the thought processes and legal analysis of the attorneys involved. We agree.
In Smith v. Florida Power & Light Co., 632 So.2d 696 (Fla. 3d DCA 1994), Florida Power & Light (hereinafter "FPL") propounded a request for production for "[a]ll other documents of Defendant Florida Power & Light Company in your possession and not produced by Defendant Florida Power & Light in this cause." FPL asked for the documents after it learned that the plaintiffs' attorney had come to possess certain FPL-generated business documents. However, FPL did not know which documents the plaintiffs' attorney had uncovered. At the hearing on the motion, plaintiffs' attorney objected to the request asserting that the very grouping of the FPL documents would reveal his mental impressions. The trial court overruled his objections. This court reversed, stating that "the attorney's strategy in culling only those documents from a possibly infinite universe of corporate documents would be apparent to FPL upon plaintiffs' production of the collection." Id. at 698. Similarly, in the instant case, a disclosure to the respondents by the State of a list of documents that the State intends to use at trial violates the State's work product privilege.
Accordingly, since the trial court order departed from the essential requirements of law, we grant the petition and quash the order under review. The case is remanded to the trial court for further proceedings consistent herewith.
NOTES
[1] Although the respondents herein are represented by privately retained counsel, if the respondents were to be declared indigent, it would be the County, not the State, under Rule 3.220(o), Florida Rules of Criminal Procedure which might be responsible for the costs the defendant incurred during the criminal prosecution. The United States Supreme Court has an even more restrictive view of the State's obligation to provide an indigent defendant with documents at the State's expense. In Britt v. North Carolina, 404 U.S. 226, 92 S.Ct. 431, 30 L.Ed.2d 400 (1971), the Court upheld a state court's refusal to grant the defendant a transcript of his first trial which had ended in a mistrial.