THOMPSON, Judge.
John Brennan Crutchley appeals from a summary judgment in favor of the Brevard County Sheriffs Office. Crutchley filed a statement of claim in replevin, by which he sought to recover property seized by the sheriff pursuant to his felony arrest and the execution of a search warrant. The sheriff responded that the replevin action was barred by the four year statute of limitation in section 95.11(3)(i), Florida Statutes. We affirm.
The sheriff seized property from Crutchley following his arrest for sexual battery and two counts of kidnapping. Crutchley pled guilty and was sentenced on 23 June 1986 to the Department of Corrections. He appealed and his conviction was affirmed by this court on 28 April 1987. Crutchley v. State, *372 506 So.2d 1045 (Fla. 5th DCA 1987). Six years later on 17 December 1993, Crutehley’s filed his replevin action. Section 705.105, Florida Statutes, vested title in the sheriffs office to unclaimed property 60 days after the conclusion of Crutchley’s proceeding.[1]
The statute does not define the term “conclusion of the proceeding,” but Crutchley’s criminal proceeding ended at least two years after the affirmance of his judgment and conviction, which this court issued on 28 April 1987. Compare, Coon v. State, 585 So.2d 1079 (Fla. 1st DCA 1991) (holding defendant’s motion for return of property not used as evidence against him timely where it was filed 59 days after defendant entered plea of guilty); Glendale Montessori School, Inc. v. State, 645 So.2d 164 (Fla. 4th DCA 1994) (trial court directed to return to third party owner records seized pursuant to warrant where one defendant served sentence and where other defendant’s time to file 3.850 motion had expired).
In the instant case, because the record shows that ownership of the property seized pursuant to the warrant vested in the sheriffs department at least by April 1989, and because Cratchley did not file the replevin action until 1993, Crutchley has demonstrated no error in the judgment in favor of the sheriff.
AFFIRMED.
W. SHARP and GRIFFIN, JJ., concur.

. Section 705.105, Florida Statutes reads in pertinent part:
705.105. Procedure regarding unclaimed evidence.
(1) Title to unclaimed evidence or unclaimed tangible personal property lawfully seized pursuant to a lawful investigation in the custody of the court or clerk of the court from a criminal proceeding or seized as evidence by and in the custody of a law enforcement agency shall vest permanently in the law enforcement agency 60 days after the conclusion of the proceeding.