HARRIS, J. .
Plaintiff/Respondent testified on deposition that at times in the past when she had been questioned about her prior medical history she had forgotten to mention certain injuries or had been untruthful. A couple of days before her deposition, she referred to notes she had made in order to refresh her memory. Certain of these records were kept at the direction of her counsel and are work product.
However, she also referred to her “little notebook” which she started preparing shortly after the accident to keep track of the medical treatment she received. She compiled these notes just for her own information and not at the direction of her lawyer. That is not work product. See, e.g., Southern Bell Tel. & Tel. Co. v. Deason, 632 So.2d 1377, 1383-86 (Fla.1994) (work product doctrine protects from discovery materials pre *718 pared by a party in anticipation of litigation).[1]
We grant certiorari and direct that the notebook be produced.
PETERSON and THOMPSON, JJ., concur.

. If it had been work product, whether it should nonetheless be produced would then be a matter for the trial court’s discretion. See Deason, 632 So.2d at 1385 (work product documents to be produced upon showing of need and undue hardship); Merlin v. Boca Raton Community Hosp., Inc., 479 So.2d 236, 239 (Fla. 4th DCA 1985) (court has discretion as to production of notes used to refresh a witness’ or a party's memory other than while actually being deposed or testifying); see also III John Henry Wigmore, Wigmore on Evidence § 762, at 140 (Chadbourn rev., 3d ed.1970) (recommending that rule allowing inspection be applied to documents consulted for refreshment before testifying).