831 So.2d 676 (2002)
Bette Lee Erstling GARDNER, as Personal Representative of the Estate of Estelle Erstling, Petitioner,
v.
MANOR CARE OF BOCA RATON, INC., as licensee and owner of Manor Care Health Services and HCR Manor Care, Inc., Respondents.
No. 4D01-3728.
District Court of Appeal of Florida, Fourth District.
April 10, 2002.
Rehearing Denied December 24, 2002.
Philip D. Parrish of Philip D. Parrish, P.A., Miami, and Seiden, Alder, Rothman, Petosa & Matthewman, P.A., Boca Raton, for petitioner.
Karen L. Zinn and Barry A. Postman of Cole, Scott & Kissane, Inc., Miami, for respondents.
SHAHOOD, J.
We deny the petition for writ of certiorari, thereby upholding the trial court's order granting respondent's motion to compel better answers to interrogatories.
Petitioner, Bette Gardner, as personal representative, sued respondent, Manor Care of Boca, based on alleged nursing home neglect and abuse. Manor Care thereafter served Gardner with a set of interrogatories, including the two at issue here:
10. Does the Plaintiff contend that the AHCA surveys conducted at Manor Care of Boca Raton are relevant to any of the issues to be decided in this case? If so, please list the particular AHCA *677 survey which the Plaintiff contends is relevant, and the manner in which the Plaintiff contends that the same has relevance.

11. Does the Plaintiff contend that the personnel files of Manor Care of Boca Raton employees, which were produced in discovery, are relevant to the issues to be determined by this Court at the time of trial? If so, list the documents from the various personnel files that were produced which the Plaintiff contends are relevant to the issues to be decided by this Court, [sic] the basis for these documents' relevance.

Gardner objected to the italicized portions based on a claim that they violate the work-product privilege because they seek disclosure of Gardner's counsel's selection, compilation and evaluation of the documents, thereby revealing counsel's mental impressions and strategy. Manor Care moved to compel, arguing that Gardner should be required to answer the questions so that Manor Care will know precisely which issues are to be litigated at trial, may depose or call any witnesses in relation thereto, and may otherwise defend against the documents at trial. After a non-evidentiary hearing, the trial court granted the motion to compel, and Gardner filed this petition for writ of certiorari directed to that order.
It is axiomatic that certiorari intervention by the appellate court is warranted when it is faced with the potential disclosure of work-product information due to a trial court order which departs from the essential requirements of law, thereby causing material harm for which there is no adequate remedy on final appeal. See, e.g., Town Center @ Boca Raton Trust v. Hirokawa, 789 So.2d 1230 (Fla. 4th DCA 2001).
Although Gardner may have established the necessary irreparable harm in this case, we hold that the trial court's order does not constitute a departure from the essential requirements of the law.
The main case relied on by petitioner is Smith v. Florida Power & Light Co., 632 So.2d 696 (Fla. 3d DCA 1994), in which the third district addressed the question of whether the plaintiffs' attorney's selection of documents generated by the defendant corporation in the ordinary course of its corporate business, which thus would not themselves be cloaked with the work-product privilege, rendered the group of selected documents as a discrete unit immune from discovery as work product. The court, relying in part on federal law, held that such selection was privileged and granted the petition for writ of certiorari.
In that case, the defendant, FPL, propounded a request for production that asked the plaintiffs to produce "[a]ll other documents" of FPL which were in their possession, but which had not been produced by FPL. This request came after FPL learned in the course of depositions that plaintiffs' attorney had come to possess, from sources other than FPL, certain FPL-generated business documents. However, FPL did not know which of its documents plaintiffs' attorney had uncovered.
The plaintiffs objected on the basis of attorney work product, arguing that the very grouping of those FPL documents, which had been collected outside of the discovery process, would reveal counsel's mental impressions. Looking to federal cases, the third district agreed, finding that the attorney's strategy in culling only those documents from a possibly infinite universe of corporate documents would be apparent to FPL upon plaintiffs' production of the collection. Id. at 698 (citing Sporck v. Peil, 759 F.2d 312, 315 (3d *678 Cir.))(finding that even where individual documents are not attorney work product, "the selection process itself represents defense counsel's mental impressions and legal opinions as to how the evidence in the documents relates to the issues and defenses in the litigation"), cert. denied, 474 U.S. 903, 106 S.Ct. 232, 88 L.Ed.2d 230 (1985).
The order in the case at bar requires petitioner's counsel to "cull" through various surveys and personnel files to determine which ones are relevant, and this grouping may indicate counsel's strategy. However, unlike Smith, this case involves a finite number of documents, of which respondent already has knowledge (having produced them). Requiring disclosure of these documents thought by petitioner's counsel to be relevant has no more effect than a standard pretrial order requiring a party to list relevant documents to be used during trial.
Accordingly, we hold that the trial court's order does not represent a departure from the essential requirements of the law and deny the petition for writ of certiorari.
FARMER, J. concurs.
STEVENSON, J., dissents with opinion.
STEVENSON, J., dissenting.
I respectfully dissent. I would grant the petition for writ of certiorari and quash the trial court's order which compels petitioner to answer two interrogatory questions which intrude on the work-product privilege.
In Smith v. Florida Power & Light Co., 632 So.2d 696 (Fla. 3d DCA 1994), the court framed the issue there as one of "first impression in Floridawhether an attorney's selection of documents which by themselves would not be cloaked with the work product privilege renders that group of documents, as a discrete unit, immune from discovery." Id. at 697 (emphasis in original). The court remarked that
Although "[w]hat constitutes `work product' is incapable of concise definition adequate for all occasions," an attorney's evaluation of the relative importance of evidence falls squarely within the parameters of the privilege. Surf Drugs, Inc. v. Vermette, 236 So.2d 108, 112 (Fla. 1970). See also Charles Ehrhardt, Florida Evidence § 502.9 (1993 Ed.). In this case, the group of documents sought would reveal the attorney's assessment of the relative importance of each of those documents, and of their significance as a collection. The attorney's strategy in culling only those documents from a possibly infinite universe of corporate documents would be apparent to FPL upon plaintiffs' production of the collection. Production would focus on the lawyer's discriminating eye, and would lay bare that lawyer's protected thought processes.
Smith, 632 So.2d at 698.[1]
While the facts in Smith are distinguishable in certain respects, the legal rationale of Smith is applicable to the instant case. The present case is analogous to Smith in that the order requires Gardner's counsel to "cull" through the various surveys and *679 personnel files and reveal which ones, in counsel's opinion, are relevant and "the manner" in which they are so. "Opinions" and "judgment calls" of counsel are considered work-product of the highest order, and are "absolutely, or nearly absolutely" protected. State v. Rabin, 495 So.2d 257, 262 (Fla. 3d DCA 1986); see also Sporck v. Peil, 759 F.2d 312, 316 (3d Cir.), cert. denied, 474 U.S. 903, 106 S.Ct. 232, 88 L.Ed.2d 230 (1985).
Here, the personnel files of certain Manor Care employees were produced by Manor Care in discovery to Gardner. Now, Manor Care seeks to learn, by interrogatory request, "the manner in which" Gardner might contend that those documents, which Manor Care produced, are relevant to certain issues in the case. Certainly, Manor Care is entitled to know which documents might, and will, be used at trial, but, here, Manor Care subtly seeks something morethe actual legal strategy of Gardner. In ordering pre-discovery of documents and other information, "the court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation." Fla. R. Civ. P. 1.280(b)(3). The pre-trial disclosure rules, when properly applied, prevent litigation from becoming a game of hide-and-seek, while preserving "the adversary system's interest in maintaining the privacy of an attorney's thought processes and in ensuring that each side relies on its own wit in preparing their respective cases." Sporck, 759 F.2d at 316.
The petition for writ of certiorari should be granted and the trial court's order quashed to the extent that it requires Gardner to reveal "the manner in which" petitioner contends that the documents referenced in the interrogatory requests have relevance.
NOTES
[1] As the court explained in Sporck v. Peil, 759 F.2d 312, 316 (3d Cir.), cert. denied, 474 U.S. 903, 106 S.Ct. 232, 88 L.Ed.2d 230 (1985),

Opinion work product includes such items as an attorney's legal strategy, his intended lines of proof, his evaluation of the strengths and weaknesses of his case, and the inferences he draws from interviews of witnesses. See, e.g., In re Grand Jury Investigation, 599 F.2d 1224 (3d Cir.1979); see also Special Project, The Work Product Doctrine, 68 Cornell L.Rev. 760, 818-19 (1983)(cases cited therein).