FULMER, Judge.
Herbert W. Acken, M.D., P.A. (“Dr. Acken”) petitions for a writ of certiorari challenging the trial court’s discovery order. The underlying suit is an action for medical malpractice filed by Mr. Northup alleging that Dr. Acken’s failure to diagnose a cancerous tumor was causally related to Mrs. Northup’s death. Mr. Northup served a witness and exhibit list in November 2000. Among the witnesses disclosed was Mr. Northup’s expert, Dr. Michael Dillon. In November 2001, Mr. Northup served a Request for Production requesting copies of any and all depositions of Dr. Dillon that were in the custody and control of defense counsel. Dr. Acken filed an objection to this request on the basis of the work product doctrine. Mr. Northup then filed a motion to compel production, asking the trial court to order Dr. Acken to produce any depositions or other statements of Dr. Dillon in the possession of defense counsel, and, after a hearing, the trial court granted the motion. In his petition to this court, Dr. Acken contends that he had done research to try to locate prior depositions of Dr. Dillon that could be used for impeachment purposes. He asserts that revealing the depositions of Dr. Dillon, which he has gathered, would violate the work product privilege because those documents were selected and compiled based on counsel’s mental impressions of which issues will be most important at trial.[1] We agree and conclude that the trial court departed from the essential requirements of the law by compelling the production.
The work product privilege at issue is derived from Florida Rule of Civil Procedure 1.280(b)(3), which provides:
(3) Trial Preparation: Materials. Subject to the provisions of subdivision (b)(4) of this rule, a party may obtain discovery of documents and tangible things otherwise discoverable under subdivision (b)(1) of this rule and prepared in anticipation of litigation or for trial by or for another party or by or for that party’s representative, including that party’s attorney, consultant, surety, in-demnitor, insurer, or agent, only upon a showing that the party seeking discovery has need of the materials in the preparation of the case and is unable without undue hardship to obtain the substantial equivalent of the materials by other means. In ordering discovery of the materials when the required showing has been made, the court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation. Without the required showing a party may obtain a copy of a statement concerning the action or its subject matter previously made by that party. Upon request without the required showing a person not a party may obtain a copy of a statement concerning the action or its subject matter previously made by that person. If the request is refused, the person may move for an order to obtain a copy. The provisions of rule 1.380(a)(4) apply to the award of expenses incurred as a result of making the motion. For purposes of this paragraph, a statement previously made is a written statement signed or otherwise adopted or approved by the person making it, or a stenographic, mechanical, electrical, or other recording or transcription of it that is a substantially verbatim recital of an oral statement by *1072 the person making it and contemporaneously recorded.
(Emphasis added). Dr. Acken relies on Smith v. Florida Power & Light Co., 632 So.2d 696 (Fla. 3d DCA 1994), to argue that the depositions which he has collected are subject to protection against disclosure as attorney work product.
In Smith, the defendant, Florida Power & Light (“FPL”), learned that the plaintiffs’ attorney had come to possess certain FPL-generated business documents and requested the plaintiffs to produce the documents in their possession. The Third District addressed the question of “whether an attorney’s selection of documents which by themselves would not be cloaked with the work product privilege renders that group of documents, as a discrete unit, immune from discovery.” Id. at 697. The court held that it did and granted a petition for certiorari. Id.
The Fourth District distinguished Smith in Gardner v. Manor Care of Boca Raton, 27 Fla. L. Weekly D837, — So.2d -, 2002 WL 530977 (Fla. 4th DCA April 10, 2002), and denied a petition for writ of certiorari involving a similar claim of work product privilege. There, Manor Care moved to compel Gardner’s counsel to disclose from a group of surveys conducted at Manor Care those that the plaintiff found to be relevant and to disclose which of Manor Care’s personnel files the plaintiff found to be relevant. The Fourth District distinguished Smith with the rationale that in Smith the documents in question were culled from a possibly infinite universe of corporate documents, whereas in Gardner, the order required counsel to cull through “a finite number of documents, of which respondent already has knowledge (having produced them).” Id.
The facts of the case at bar may be closer to those in Gardner than those in Smith because there must be a “finite” number of depositions that Dr. Dillon has given in prior cases. However, we question whether Smith and Gardner can be reconciled. We adopt the rationale in Smith, and, applying that rationale here, conclude that the group of Dr.' Dillon’s prior depositions that Dr. Acken’s counsel has collected to impeach Dr. Dillon is attorney work product, which is not subject to disclosure. To the extent that Gardner would dictate a contrary result, we certify conflict.
Accordingly, we grant the writ of certio-rari and quash the trial court’s order.
SILBERMAN and KELLY, JJ., Concur.

. While the parties discussed the possible use of the depositions for impeachment at trial, the issue of whether such use is proper is not before us and we do not address it.