890 So.2d 517 (2005)
Lawrence GABRIEL and Ruth Gabriel, Petitioners,
v.
NORTHERN TRUST BANK OF FLORIDA, N.A., Respondent.
No. 4D04-1918.
District Court of Appeal of Florida, Fourth District.
January 5, 2005.
Jeffrey Erez and Jeffrey R. Sonn of Sonn & Erez, Fort Lauderdale, for petitioners.
J. Raul Cosio and Alex M. Gonzalez of Holland & Knight, LLP, Miami, for respondent.
WARNER, J.
In litigation over the handling of an investment account, respondent Northern Trust Bank requested petitioners, Lawrence and Ruth Gabriel, to produce "all documents that relate to or otherwise support" each essential allegation in the Gabriels' complaint. The Gabriels objected on the grounds of attorney client and work *518 product privileges. The trial court overruled their objection, and the Gabriels have petitioned for a writ of certiorari. We grant the writ because we understand Northup v. Acken, 865 So.2d 1267 (Fla.2004), as prohibiting disclosure of documents unless the attorney expects or intends them to be used at trial.
In Northup, the court considered the extent of the duty to disclose documents:
An attorney must evaluate whether he or she intends to use evidence in his or her possession for strategy and trial preparation purposes only, which would qualify the selection of the particular items as a protected product of the thought processes and mental impressions of an attorney. On the other hand, if the evidence or material is reasonably expected or intended to be disclosed to the court or jury at trial, it must be identified, disclosed, and copies provided to the adverse party in accordance with the trial court's order and the discovery requests of the opposing party.
865 So.2d at 1270.
The Northup court also specifically disapproved that portion of this court's decision in Gardner v. Manor Care of Boca Raton, Inc., 831 So.2d 676 (Fla. 4th DCA 2002), that "requir[ed] counsel to evaluate the comparative relevance of documents for purposes of an opponent's discovery." Id. at 1272. In that case we had allowed discovery pursuant to an interrogatory in which the party was asked whether a category of surveys was relevant to the issues in the case and, if so, which surveys were relevant and why. 831 So.2d at 676-77. This required the attorney to review the documents to determine which ones were relevant, possibly revealing counsel's strategy. The supreme court said:
The district court's approval in Gardner of an order requiring "counsel to `cull' through various surveys and personnel files to determine which ones are relevant," Gardner, 831 So.2d at 678, an action which the court admitted "may indicate counsel's strategy," id., goes entirely too far. The overriding touchstone in this area of civil discovery is that an attorney may not be compelled to disclose the mental impressions resulting from his or her investigations, labor, or legal analysis unless the product of such investigation itself is reasonably expected or intended to be presented to the court or before a jury at trial. Only at such time as the attorney should reasonably ascertain in good faith that the material may be used or disclosed at trial is he or she expected to reveal it to the opposing party.
Northup, 865 So.2d at 1272.
We believe the questions in this case are similarly improper in asking counsel to provide documents "relating" to specific allegations of the complaint. In the lengthy definitions of terms preceding the request, Northern Trust defines "relates to" as:
Pertains to, refers to, contains, concerns, describes, embodies, mentions, constitutes, supports, corroborates, demonstrates, proves, evidences, shows, refutes, disputes, rebuts, controverts or contradicts.
The same effort is required of the Gabriels' attorney in determining what documents fall under Northern Trust's definition of "relates to" as is required by a determination of relevance, thus possibly indicating counsel's strategy. Therefore, we grant the petition and quash the order overruling petitioners' objections to questions two through eight of the request for production.
FARMER, C.J. and KLEIN, J., concur.