941 So.2d 1173 (2006)
Steven and Tina KRANIAS, Petitioners,
v.
Dimitrios TSIOGAS, a/k/a Jimmy Tsiogas, Pogoni Land Trust, LLC, Individually and as Trustee, Pogoni Investments, LLC, Pogoni Management, LLC, and Epicurus, LLC, Respondents.
No. 2D06-2269.
District Court of Appeal of Florida, Second District.
October 13, 2006.
Rehearing Denied November 28, 2006.
*1174 Marcus A. Castillo of Haas & Castillo, P.A., Clearwater, for Petitioners.
Timothy W. Weber and Mark P. Stopa of Battaglia, Ross, Dicus & Wein, P.A., St. Petersburg, for Respondents.
WHATLEY, Judge.
The Petitioners, Steven and Tina Kranias, seek certiorari review of two discovery orders. The first order requires them to provide a privilege log or documents upon which they rely to support an allegation in their second amended complaint that certain property deeds are fraudulent, and the second order requires them to disclose a letter sent to them by their attorney. We conclude that the circuit court departed from the essential requirements of the law in ordering the Petitioners to produce the documents because they are privileged, and we grant their petition for writ of certiorari. City of Oldsmar v. Kimmins Contracting Corp., 805 So.2d 1091, 1093 (Fla. 2d DCA 2002).
The circuit court's order requiring the Petitioners to produce either a privilege log or documents upon which they rely to support their allegation in the complaint concerning the property deeds is overbroad. In Bishop v. Polles, 872 So.2d 272, 274 (Fla. 2d DCA 2004), this court examined the following interrogatory:
Please identify with specificity and particularity each and every document or evidentiary object that the Plaintiff or Plaintiff's attorneys, investigators or agents have in their possession, or reasonably believe may be in their possession, which may contain information pertaining to or evidencing any of the matters raised in the Complaint or pertaining to or evidencing any act or omission on the part of Bebe Schulman, M.D., which the Plaintiff or Plaintiff's attorneys contend contributed to any injury to Plaintiff or the Plaintiff's damages. With respect to each document or object identified, please identify by name, business and residence, occupation, employer, and last known whereabouts, the present custodian thereof or such persons as the Plaintiff, Plaintiff's attorneys, investigators and agents reasonably believe might possess the document or object, or a copy thereof. This request specifically includes, but is not limited to, all documents or exhibits that the Plaintiff or Plaintiff's attorneys might conceivably offer as evidence at trial.
In Bishop, 872 So.2d at 274, this court held that, although a party is entitled to *1175 the discovery of items that the other party intends or reasonably expects to use at trial, the above interrogatory goes beyond this entitlement and requests items that the petitioners may conceivably offer as evidence during trial. Therefore, this court concluded that the interrogatory was overbroad and improperly sought information protected by the attorney work product privilege. Id.
As in Bishop, the request for production in this case is overbroad, because it improperly requires the Petitioners to produce documents which potentially pertain to their claim but may not be offered as evidence at trial. See Northup v. Acken, 865 So.2d 1267 (Fla.2004). Therefore, the circuit court erred in ordering the Petitioners to produce either a privilege log or all documents which they believe support their claim.
The second discovery order requires the production of a two-page letter sent to the Petitioners by their attorney, Lee Haas, which discussed issues pertaining to quitclaim deeds. Haas was a witness to the signatures on the quitclaim deeds. The Petitioners contend that the circuit court erred in ordering them to disclose this letter, because the letter is protected by the attorney-client privilege. The circuit court based its holding on section 90.502(4)(d), Florida Statutes (2002), which provides that the attorney-client privilege does not apply when the "communication is relevant to an issue concerning the intention or competence of a client executing an attested document to which the lawyer is an attesting witness, or concerning the execution or attestation of the document."
We conclude that the circuit court erred in ordering the production of this letter based on section 90.502(4)(d), because this exception to the attorney-client privilege does not apply here. There has been no argument that the Petitioners either did not intend to sign or were not competent to sign the quitclaim deeds that conveyed property from a land trust to the Petitioners. The attorney-client privilege is not waived as to communications between an attorney and a client when such communications pertain to the preparation of a document merely because the attorney later acts as a witness to the parties' signatures on that document.[1]
Accordingly, we grant the petition for writ of certiorari, quash both discovery orders, and remand this case for further proceedings consistent with this opinion.
Petition for writ of certiorari granted.
NORTHCUTT and SILBERMAN, JJ., Concur.
NOTES
[1] We do not address the Respondents' argument that the letter is not subject to the attorney-client privilege based on other exceptions, because the record before us is insufficient to make such findings.