WHATLEY, Judge.
Walter Hargroves, as the personal representative of the estate of Debra Har- *979 groves, petitions this court for a writ of certiorari quashing the circuit court order directing him to provide certain items pursuant to a discovery request by R.J. Reynolds Tobacco Company in Hargroves’ wrongful death action against R.J. Reynolds. The circuit court entered the discovery order at issue after hearing motions to compel filed by R.J. Reynolds. Hargroves argues that the circuit court departed from the essential requirements of law in three of its rulings in that order. We find merit in Hargroves’ arguments regarding two of those rulings.[1]
First, the circuit court overruled Hargroves’ objection based on the marital privilege. See § 90.504, Fla. Stat. (2006). Hargroves lodged that objection to R.J. Reynolds’ question as to whether his wife had said anything else to him about the lawsuit before she died. R.J. Reynolds asserted that Hargroves had made a blanket waiver of the marital privilege by testifying without objection that he and his wife discussed filing the lawsuit before she passed away, that it was his wife’s idea to file the lawsuit, and that she said she would like the two of them to file the action.
This testimony by Hargroves did not waive the husband-wife privilege as to all confidential communications about the lawsuit. See Courville v. Promedco of Sw. Fla., Inc., 743 So.2d 41, 42 (Fla. 2d DCA 1999) (“When the attorney-client privilege is waived regarding a certain matter, the waiver is limited to communications on the same matter.”). The testimony concerned the decision to file the lawsuit, and therefore, Hargroves waived the privilege only with regard to communications with his wife regarding that decision. Accordingly, we grant the petition for writ of certiorari and quash the order insofar as it can be interpreted to direct Hargroves to reveal any confidential communications by his wife about the lawsuit other than her statements about the decision to file the action.
Second, the circuit court overruled Hargroves’ work product privilege objection to R.J. Reynolds’ request for production of documents supporting specific allegations of Hargroves’ complaint. Hargroves responded to R.J. Reynolds’ request by producing four DVD’s containing thousands of documents without specifying which documents supported which allegations. The circuit court directed Hargroves to identify the documents responsive to each specific request in R.J. Reynolds’ third request for production. Hargroves argues that the court’s directive departs from the essential requirements of law because his selection of which documents are responsive to which requests will reveal his protected mental impressions, conclusions, opinions, and theories about the case.
We agree with Hargroves’ argument based on the supreme court’s disapproval of Gardner v. Manor Care of Boca Raton, Inc., 831 So.2d 676 (Fla. 4th DCA 2002), in Northup v. Acken, 865 So.2d 1267 (Fla.2004). In Northup, the supreme court held that “in Florida, when a party reasonably expects or intends to utilize an item before the court at trial, for impeachment or otherwise, the video recording, document, exhibit, or other piece of evidence is fully discoverable and is not privileged work product.” Id. at 1270. The decision whether to use any item at trial is to be *980 made prior to the trial court’s entry of the pretrial case management order. Id.
In disapproving Gardner, the court held that an order requiring counsel to cull through previously disclosed documents and advise the opposing party which ones are relevant “goes entirely too far.” Id. at 1272. The court reasoned as follows:
The overriding touchstone in this area of civil discovery is that an attorney may not be compelled to disclose the mental impressions resulting from his or her investigations, labor, or legal analysis unless the product of such investigation itself is reasonably expected or intended to be presented to the court or before a jury at trial. Only at such time as the attorney should reasonably ascertain in good faith that the material may be used or disclosed at trial is he or she expected to reveal it to the opposing party. Because the Fourth District’s Gardner decision conflicts with this principle, we must disapprove that portion of the opinion requiring counsel to evaluate the comparative relevance of documents for purposes of an opponent’s discovery.
Id. at 1272.
In the present case, the circuit court’s directive to Hargroves essentially compels him to advise R.J. Reynolds which of the documents he has already produced is relevant to particular allegations of his complaint. We see no difference between this directive and the one in Gardner disapproved of by the supreme court. In addition, the court’s directive is overbroad because it is not limited to documents that Hargroves has determined he will use at trial. See Kranias v. Tsiogas, 941 So.2d 1173 (Fla. 2d DCA 2006).
Accordingly, we grant the petition for writ of certiorari and quash that part of the discovery order directing Hargroves to identify which of the already produced documents is responsive to R.J. Reynolds’ request for production until such time as he is required to do so by the dictates of Northup.
We deny Hargroves’ petition in all other respects without comment.
Petition for writ of certiorari granted in part and denied in part.
NORTHCUTT, C.J., Concurs.
ALTENBERND, J., Concurs with opinion.

. “Orders which improperly compel discovery of privileged information ... are renewable by certiorari.” Palm Beach County Sch. Bd. v. Morrison, 621 So.2d 464, 468 (Fla. 4th DCA 1993).