987 So.2d 116 (2008)
PROSKAUER ROSE LLP, a New York limited liability partnership, Petitioner,
v.
BOCA AIRPORT, INC., d/b/a Boca Aviation, a Florida corporation, Respondent.
No. 4D08-335.
District Court of Appeal of Florida, Fourth District.
July 2, 2008.
*117 James W. Beasley, Jr. and Robert J. Hauser of Beasley Hauser Kramer Leonard & Galardi, P.A., West Palm Beach, for petitioner.
Edna L. Caruso of Edna L. Caruso, P.A., West Palm Beach, Steven M. Katzman of Katzman, Wasserman & Bennardini, Boca Raton, and Jack Scarola and Patrick E. Quinlan of Searcy, Denney, Scarola, Barnhart & Shipley, West Palm Beach, for respondent.
PER CURIAM.
Proskauer Rose LLP petitions this court for a writ of certiorari to review orders that compel disclosure of information protected by the attorney-client and work product privileges. We grant the petition and quash the trial court's orders.
Boca Airport, Inc., d/b/a Boca Aviation, filed a complaint against a law firm, Proskauer Rose LLP, alleging legal malpractice.
During his deposition, one of the partners of the firm, Christopher Wheeler, indicated that he met with the attorney representing the firm earlier that week and reviewed certain documents counsel had selected to prepare him for the deposition. Counsel had highlighted and made notations on portions of the documents. Wheeler also reviewed a couple of summaries prepared by counsel that included a chronology of important dates and counsel's impressions of certain issues in the case. In response to questions from Boca Aviation, Wheeler agreed that reviewing these documents helped him remember the events better than he did before reading the documents as the events in issue had occurred seven to nine years before the lawsuit. However, he did not review any of the documents during his deposition.
Boca Aviation moved to compel production of the documents Wheeler had reviewed before the deposition. The motion noted that if a witness refers to documents to refresh his memory while testifying, the adverse party is entitled to inspect the items and to cross-examine the witness about them. § 90.613, Fla. Stat.; Merlin v. Boca Raton Community Hosp., Inc., 479 So.2d 236, 238 (Fla. 4th DCA 1985). If the witness reviews documents before testifying to refresh his recollection, Boca Aviation argued that the court has discretion to order production of the documents citing Watkins v. Wilkinson, 724 So.2d 717 (Fla. 5th DCA 1999) and Merlin.
Believing that Merlin requires production, the trial court granted the motion to compel.
We agree with petitioner that Boca Aviation and the trial court have misread Merlin. In Merlin, we recognized that section 90.613, Florida Statutes, applies only to documents a witness refers to "while testifying." Although there is no obligation under this statute to produce documents a witness uses prior to testifying, we held that the trial court may allow inspection by the opposing party unless these documents are "otherwise privileged." Merlin, 479 So.2d at 239. If material used to prepare a witness before testifying is privileged, then it is protected from discovery.
*118 While the individual documents ordered produced, along with others, had already been disclosed to Boca Aviation, the effect of the discovery order now challenged would be to disclose to the opponent which documents petitioner's counsel thought were most relevant, which, along with the summaries it prepared for Wheeler's deposition, were clearly work product and privileged attorney-client communication. See Smith v. Florida Power & Light Co., 632 So.2d 696, 698 (Fla. 3d DCA 1994). There has been no finding or any argument by Boca Aviation that it needed any of the work product information and that it could not obtain the substantial equivalent without undue hardship. Fla. R. Civ. P. 1.280(b)(3).
Boca Aviation suggests these documents would be discoverable under Federal Rule of Evidence 612. However, there is no reason to look to the federal rules because Florida law is not comparable. Section 90.613, Florida Statutes only requires discovery if the witness used the document "while testifying." In addition, there is no common law right in Florida to discovery of documents used to prepare a party to testify.
Accordingly, this petition is granted and the trial court orders requiring production are quashed.
STONE, POLEN and KLEIN, JJ., concur.