COBB, Judge.
Booker, having previously pled guilty to first degree murder, seeks certiorari review of an order compelling reciprocal discovery during the penalty phase of the case. He contends the discovery rules outlined in Florida Rule of Criminal Procedure 3.220 apply only to the trial stage of a capital case.
In Maxwell v. State, 443 So.2d 967 (Fla.1983), the Florida Supreme Court, in upholding a death sentence, found that a trial court’s denial of a defendant’s motion seeking discovery of witnesses and tangible papers or objects to be used at the sentencing hearing, which motion was filed pursuant to Florida Rule of Criminal Procedure 3.220(a), did not constitute “prejudicial error.” This finding implied that denial of the motion was error, but that the error did not prejudice defendant so as to warrant reversal of the sentence.
Florida Rule of Criminal Procedure 3.220(d)(1)(A) obligates a participating defendant to furnish the prosecutor with a written list of the names and addresses of all witnesses whom the defendant expects to call “at the trial or hearing.” The phrase “or hearing” should be interpreted to include sentencing. In a capital case, the penalty phase is similar to the guilt phase in that evidence is presented before the jury, sometimes even expert testimony. Defense expert witnesses in the penalty phase are often deposed by the state prior to sentencing in capital cases. See, e.g., Gore v. State, 614 So.2d 1111 (Fla. 4th DCA 1992). Discovery helps the state in preparing for cross-examination and in deciding whether to obtain its own expert witnesses. Discovery also helps the defense in preparing a response to the state’s evidence of aggravating factors. To minimize surprise, Florida’s criminal procedure permits extensive discovery. The defendant in the instant case elected to participate in discovery, and we believe the rules allow reciprocal discovery in the trial and penalty phases of a capital case. Accordingly, we deny the instant petition for certiorari review.
PETITION FOR CERTIORARI DENIED.
DAUKSCH and GRIFFIN, JJ., concur.