LAZZARA, Judge.
The State of Florida seeks our certiorari review of the trial court’s order denying its motion to compel the respondent to furnish the names and addresses of witnesses he intends to call at the capital sentencing proceeding to be convened under section 921.141, Florida Statutes (1993), should he be convicted of first-degree murder. We conclude that in denying the motion the trial court deviated from the essential requirements of the law, resulting in a miscarriage of justice to the state. State v. Pettis, 520 So.2d 250 (Fla.1988). Accordingly, we grant certiorari and quash the order.
The respondent was indicted for first-degree murder and arson and thereafter invoked the discovery provisions of Florida Rule of Criminal Procedure 3.220. The state then filed a motion to compel the respondent to furnish a list of witnesses he intended to call at the penalty phase of the trial. The state relied principally on Booker v. State, 634 So.2d 301 (Fla. 5th DCA 1994), for the proposition that rule 3.220 applies to the penalty phase of a capital ease. The respondent resisted the motion, contending that the reciprocal discovery provisions of the rule did not entitle the state to penalty phase witnesses until he had been convicted of capital murder.
In Booker, the court denied the defendant’s petition for writ of certiorari which sought to quash the trial court’s order compelling him to provide reciprocal discovery pertaining to the penalty phase of the case. It noted that “Florida Rule of Criminal Procedure 3.220(d)(1)(A) obligates a participating defendant to furnish the prosecutor with a written list of the names and addresses of all witnesses whom the defendant expects to call ‘at the trial or hearing.’ ” 634 So.2d at 302. The court then determined that “[t]he phrase ‘or hearing’ should be interpreted to include sentencing.” 634 So.2d at 302. It concluded, therefore, that once the defendant elected to participate in discovery, he was *557 then obligated to provide the state with reciprocal discovery as to the penalty phase.
The trial court distinguished Booker by noting the defendant in that case had pled guilty to first-degree murder. It concluded, therefore, that the holding of Booker should be limited to a procedural setting in which a defendant has already suffered a conviction for capital murder. In declining to follow Booker, the trial court specifically commented on the absence of any law governing the reciprocal penalty phase discovery obligation of a defendant prior to conviction.
Subsequent to the trial court’s ruling, however, we adopted the holding of Booker and applied it to a procedural setting in which a defendant had not yet been convicted of first-degree murder. Sexton v. State, 643 So.2d 53 (Fla. 2d DCA 1994). We rejected the contention that rule 3.220 does not apply to capital sentencing proceedings, and thus upheld the trial court’s order requiring the defendant to provide reciprocal discovery of matters relating to the penalty phase of his trial. Accordingly, based on Sexton, we grant certiorari and quash the trial court’s order in this case.
We point out, however, that our opinion should not be construed as limiting a trial court’s authority under rule 3.220(k) and (l), upon good cause shown, to control the time and scope of reciprocal penalty phase discovery in order to protect the substantial rights of a person accused, but not convicted, of first-degree murder.
Certiorari granted; order quashed.
PARKER, A.C.J., and PATTERSON, J., concur.