873 So.2d 585 (2004)
Martin SMITH, Petitioner,
v.
The STATE of Florida, Respondent.
No. 3D03-1359.
District Court of Appeal of Florida, Third District.
May 26, 2004.
*586 Bennett H. Brummer, Public Defender, and Andrew Stanton, Assistant Public Defender, for petitioner.
Charles J. Crist, Jr., Attorney General, and Linda S. Katz, Assistant Attorney General, for respondent.
Before GERSTEN, SHEVIN, and RAMIREZ, JJ.

ON MOTION FOR REHEARING DENIED
RAMIREZ, J.
We deny the motion for rehearing, rehearing en banc and certification filed by the respondent State of Florida. Nevertheless, we withdraw our January 14, 2004 opinion and substitute the following opinion, which more fully explains our reasons for granting certiorari review.
In this criminal prosecution, the petitioner, Martin Smith, seeks a writ of certiorari to review a discovery order compelling him to furnish the State a copy of two documentsa psychological history report and an addendum to that reportprepared by the defense team and provided to two mental health experts listed as defense witnesses. We quash that discovery order because it departs from the essential requirements of law.

THE FACTS AND PROCEDURE
This controversy began with the State's motion to compel discovery pursuant to rule 3.220(d)(1)(B)(ii), Florida Rules of Criminal Procedure, under which the defense is obligated to provide the State with "reports or statements of experts made in connection with the particular case, including results of physical or mental examinations and of scientific tests, experiments, or comparisons."
When Smith responded that its expert, Dr. Sanford Jacobson, had not prepared any reports, the State obtained an order on March 2, 2001, compelling Smith to provide "all documentation, reports, statements and any other item relied upon by the expert in order to formulate his opinion." This order was based on the right of an adverse party to inquire into the facts underlying the opinion of an opposing expert witness. See § 90.705, Fla. Stat. (2000). The petitioner sought a writ of certiorari in case no. 3D01-631 which was initially granted but, on rehearing, the petition was denied without opinion. Smith v. State, 823 So.2d 145 (Fla. 3d DCA 2002) (Ramirez, J. dissenting).
On remand, the trial court conducted an in camera inspection of the disputed documents and ruled that some items, such as *587 letters from defense counsel to the expert witnesses were work product and privileged from disclosure to others, while others were held not to be privileged and were ordered disclosed. The only two disputed documents on this second petition for certiorari are: (1) a 22-page psycho-social report, prepared by defense counsel with the assistance of other members of the defense team, that is in narrative form and is based on medical records, witness interviews, and mental health evaluations; and (2) a 2-page addendum to the psycho-social report.

OPINION WORK PRODUCT
The State first disputes the argument that the documents in question constitute opinion work product which are privileged under rule 3.220(g)(1), Florida Rules of Criminal Procedure. See Smith v. Florida Power & Light Co., 632 So.2d 696, 699 (Fla. 3d DCA 1994) (stating that opinion work product is "absolutely, or nearly absolutely, privileged.").
The trial court, after conducting an in camera inspection of the documents, found that they contained "no conclusions, strategy or opinions of the attorneys. It is simply a report of various witnesses, who I am assuming would testify in this matter.... It's a recitation of the defendant's testimony, statements concerning his own childhood." The trial court seemed to find persuasive the fact that these statements were simply recorded "verbatim or almost verbatim" "without any real commentary," such as whether the witness spoke "hesitantly."
We cannot agree that this psycho-social report and addendum do not constitute opinion work product. Rule 3.220(d)(1)(B)(ii) requires the defendant to disclose any "[r]eports or statements of experts made in connection with the particular case, including results of physical or mental examinations and of scientific tests, experiments or comparisons." Clearly the report and addendum prepared by the defense do not fall under this category. On the other hand, rule 3.220(g)(1) provides:
(1) Work Product. Disclosure shall not be required of legal research or of records, correspondence, reports or memoranda, to the extent that they contain the opinions, theories, or conclusions of the prosecuting or defense attorney, or members of their legal staff.
We conclude that the summary and addendum clearly constitute work product. The only issue would be whether they constitute fact or opinion work product. The Florida Supreme Court explained the rationale for the rule and the distinction between the two in Southern Bell Tel. & Tel. Co. v. Deason, 632 So.2d 1377, 1384 (Fla.1994), as follows:
The rationale supporting the work product doctrine is that `one party is not entitled to prepare his case through the investigative work product of his adversary where the same or similar information is available through ordinary investigative techniques and discovery procedures.' Fact work product traditionally protects that information which relates to the case and is gathered in anticipation of litigation. Opinion work product consists primarily of the attorney's mental impressions, conclusions, opinions, and theories. Whereas fact work product is subject to discovery upon a showing of `need' and `undue hardship,' opinion work product generally remains protected from disclosure.
Id. at 1384 (citations omitted). The State attempted to show need or undue hardship by arguing that "failing to disclose the documents until the time of deposition would attenuate the discovery process and result in an extra expenditure of expert fees." The trial court never made a finding *588 of need or undue hardship, not surprising considering that, if this were to satisfy the criteria, any case involving an expert would then qualify. Furthermore, the argument assumes that the documents would have to be disclosed at the time of deposition, a premature assumption at this stage in the proceedings. In rejecting the defense argument that the documents contained their conclusions, strategy or opinions, the trial court simply ordered their production without requiring the State to make such a showing of need or undue hardship, apparently based on its conclusion that the documents did not constitute opinion work product.
With all due respect to the trial judge, the conclusion seems inescapable that the 22-page psycho-social report, prepared by defense counsel, and its addendum, constitute classic opinion work product. It is a summary of witness statements, italicizing certain portions, which unavoidably combined a selection process achieved through an interpretative filter that emphasized certain information over other, thus disclosing counsel's opinions and strategy.[1] We recognized in Smith that "[w]hat constitutes `work product' is incapable of concise definition adequate for all occasions." Smith, 632 So.2d at 698. See also Surf Drugs, Inc. v. Vermette, 236 So.2d 108, 112 (Fla.1970). But we also stated that "an attorney's evaluation of the relative importance of evidence falls squarely within the parameters of the privilege." Smith, 632 So.2d at 698. The act alone of compelling an attorney to disclose a group of documents invariably reveals the counsel's "assessment of the relative importance of each of those documents, and of their significance as a collection." Id. See also State v. Williams, 678 So.2d 1356, 1358 (Fla. 3d DCA 1996) ("the trial court order requiring that the State disclose to the respondents a list of the documents that it intends to use is contrary to the work-product doctrine because it would serve to highlight the thought processes and legal analysis of the attorneys involved.").
Without citing any authority, the State argues that not every summary made by an attorney constitutes protected opinion work product. It then tries to distinguish Smith on the basis that there the attorney was required to cull the documents from a possibly infinite number of documents. While this difference may be relevant as to the burden imposed on counsel, we fail to see how a little culling can be less revealing than a lot of culling. Thus, we conclude that the trial court departed from the essential requirements of law when it concluded that the documents did not constitute work product.[2]

WAIVER
The State also argues that the privilege was waived when the documents were disclosed to the defense expert who will be called to testify at trial. Any document, no matter how sacrosanct, would lose its privileged status when it is disclosed to a testifying expert. Under that rationale, the letters from defense counsel to the experts, which the trial court found were privileged, would also be discoverable, but the State has chosen not to cross-appeal that decision.
*589 To support this novel position, which is totally unprecedented in Florida law, the State relies on section 90.705, Florida Statutes, as follows:
90.705. Disclosure of facts or data underlying expert opinion.
(1) Unless otherwise required by the court, an expert may testify in terms of opinion or inferences and give reasons without prior disclosure of the underlying facts or data. On cross-examination the expert shall be required to specify the facts or data.
(2) Prior to the witness giving the opinion, a party against whom the opinion or inference is offered may conduct a voir dire examination of the witness directed to the underlying facts or data for the witness's opinion. If the party establishes prima facie evidence that the expert does not have a sufficient basis for the opinion, the opinions and inferences of the expert are inadmissible unless the party offering the testimony establishes the underlying facts or data.
The State argues that because it would be entitled to cross-examine and conduct a voir dire examination, on the facts underlying the expert's opinions, and because it has a right to take the expert's deposition prior to trial, by simply reviewing the documents in question (and assuming they were relied upon), the State should not have to wait until trial, or even until the deposition, but should be given these documents in preparation for the deposition.
The Fourth District case of Gore v. State, 614 So.2d 1111 (Fla. 4th DCA 1992), is indistinguishable from the present petition. In granting certiorari, Judge Farmer wrote a long and detailed analysis of the relevant statutes and rules of procedure to quash an order that compelled disclosure of a 22-page summary of testimony that the defendant gave in a co-defendant's case, and 5-page summary of events, entitled "David Gore Chronology." Id. at 1113. The Fourth District specifically rejected the State's argument, stating that section 90.705 "supplies no foundation if applied literally for pretrial disclosure of the facts on which the expert's opinion is based. If anything, it delays such a disclosure until the witness is in court and testifying at the trial or proceeding." Id. at 1115 (emphasis in the original).
The State seeks to distinguish Gore by arguing that the trial court in that case did not conduct an in camera inspection, while the judge in our case did. That is a distinction without a difference because the purpose for the in camera inspection is to determine what status to accord the requested documents, which we have found to constitute opinion work product, just as the court did in Gore.
In Reaves v. State, 639 So.2d 1 (Fla. 1994), it was the prosecution that refused to turn over two letters provided to its expert containing a summary of relevant facts.[3] The Florida Supreme Court found "no error in the trial judge's determination that letters between the prosecutor and an expert witness that contained work product were privileged and not subject to discovery." Id. at 6. It would seem that the rule which the State advocates today could have a greater impact on the prosecution's discovery obligations than defense counsel. If we were to hold that all materials lose their privileged status when disclosed to an expert, we may someday jeopardize sensitive investigative materials, such as the identity of confidential informants.
*590 To counter clear and persuasive Florida precedent vindicating the privileged nature of the documents in question, the State cites to a federal case from the first circuit. In re San Juan Dupont Plaza Hotel Fire Litigation, The Plaintiffs' Steering Committee, 859 F.2d 1007 (1st Cir.1988). First, the exhibit lists which were ordered disclosed simply accelerated the disclosures which would inevitably take place. Id. at 1017. Second, the court specifically stated that the disclosure was "not remotely analogous to the situation where a party seeks an attorney's personal notes and memoranda which contain his confidential assessments of the testimony of prospective witnesses." Id.
In its motion for rehearing, the State argues that, despite the holdings in Gore and Reaves, we should rely on rule 3.220(h)(1) of the Florida Rules of Criminal Procedure, which provides that the procedure for taking the deposition in a criminal proceeding, including the scope of the examination, shall be the same as that provided in the Florida Rules of Civil Procedure. The State, however, cannot cite to any authority as to how this creates the right to discover opinion work product.
Additionally, the State argues on rehearing that we overlooked "authority to the contrary," to wit, CHARLES W. EHRHARDT, FLORIDA EVIDENCE, § 705.1, at fn. 4 (2003 ed.), and a law review article, to wit: Charles W. Ehrhardt & Matthew D. Schultz, Pulling Skeletons From the Closet: A Look into the Work-Product Doctrine as Applied to Expert Witnesses, 31 FLA. ST. U.L.REV. 67 (Fall 2003). A careful review of Professor Ehrhardt's article, however, does not support the State's argument. Admittedly, the article calls for a change in the law whereby opinion work-product would lose its privileged status once it is disclosed to an expert who will be testifying at trial. It further argues that if the materials are going to be disclosed at trial, they should be made available for deposition, a position which is supported by the recent Florida Supreme Court decision in Northup v. Acken, 865 So.2d 1267 (Fla.2004). Nevertheless, Professor Ehrhardt concedes that "[t]he result may differ in the criminal context ..." 31 FLA. ST. U.L.REV. at 87. He states that:
even if Reaves and Gore were mistaken in asserting that section 90.705 does not apply to expert depositions in criminal proceedings (as we suggest they were), Rule 3.220(g)(1) would nevertheless preclude discovery of opinion work-product known to or relied upon by an expert witness. The upshot, then, is that fact work-product remains discoverable in criminal proceedings by application of section 90.705, but opinion work-product is inviolate, at least until trial, based upon the protection afforded it under Rule 3.220(g)(1).
Id. at 87-88.
In its Addendum to its motion for rehearing, the State calls our attention to Northup v. Acken, 865 So.2d 1267 (Fla. 2004), for the proposition that materials lose their privileged status and are discoverable when they are intended to be used at trial. We have been given no indication, however, that the disputed materials here, the 22-page psycho-social report, and the 2-page addendum, are reasonably expected or intended to be used at trial. If they are, we would of course agree that they are discoverable. We are not persuaded that simply because the State intends to use it in cross-examination under section 90.705 that the report and addendum qualify as "reasonably expected or intended to be used at trial."

CONCLUSION
We thus conclude that the psychological history report and an addendum to that *591 report prepared by the defense in this case constituted opinion work product. We also hold that the act of disclosing it to an expert witness who would be testifying at trial does not alone waive the work product privilege. For these reasons, we quash the order requiring Smith to disclose these documents to the State.
NOTES
[1] It is not clear from the record why the trial court did not simply order the defense to turn over all the unredacted statements. At that point, the prosecution would have everything the expert saw without the unfair benefit of seeing what the defense deemed to be important. That, however, is not before us and the motion for rehearing, rehearing en banc and certification does not address this point.
[2] The state does not dispute this conclusion in its motion for rehearing.
[3] The briefs of the parties are available online at http://www.law.fsu.edu/library/flsupct/79575/79575.html.