888 So.2d 140 (2004)
METABOLIFE INTERNATIONAL, INC., Petitioner,
v.
Angela HOLSTER, Andrew Cross, Charles "Cody" Pate, Stephen Holster, Respondents.
No. 1D04-1918.
District Court of Appeal of Florida, First District.
November 30, 2004.
Larry D. Smith and Jason P. Herman of Cabaniss, Smith, Toole & Wiggins, PL, Maitland, for Petitioner.
J. Nixon Daniel, III, John F. Windham, Thomas F. Gonzalez and Terrie L. Didier of Beggs & Lane; and Tim Obrien of Levin, Papantonio, Thomas, Mitchell, Echsner & Proctor, P.A., Pensacola, for Respondents.
PER CURIAM.
In its petition for writ of certiorari, Metabolife International, Inc. seeks review of a trial court order granting the motion to compel discovery filed by respondents in their negligence and strict liability action alleging that respondent Angela Holster suffered an ischemic stroke after ingesting a Metabolife dietary supplement containing ephedrine. The question before this court is whether the trial court departed from the essential requirements of law by ruling that Metabolife had waived its claims of privilege when it failed to file a privilege log and by requiring Metabolife to produce documents that it claimed were subject to attorney-client, work product, and trade secret privileges. We find that the trial court acted within its discretion and, therefore, deny the petition for writ of certiorari.
*141 A petition for writ of certiorari is appropriate to review a discovery order when the order departs from the essential requirements of law, causing material injury throughout the remainder of the proceedings below and effectively leaving no adequate remedy on appeal. Allstate Ins. Co. v. Langston, 655 So.2d 91, 94 (Fla.1995). The trial court possesses broad discretion in determining the scope of allowable discovery. Rojas v. Ryder Truck Rental, 641 So.2d 855, 857 (Fla.1994). Pursuant to Florida Rule of Civil Procedure 1.280(b)(5), trial courts have the discretion to find waiver of privilege claims for failure to produce a privilege log. General Motors Corp. v. McGee, 837 So.2d 1010, 1032 (Fla. 4th DCA 2002); see also Nationwide Mutual Fire Ins. Co. v. Hess, 814 So.2d 1240 (Fla. 5th DCA 2002). Respondents argue, and the trial court agreed, that, because Metabolife failed to produce a privilege log as required by Florida Rule of Civil Procedure 1.280(b)(5), any claims of privilege have been waived.
Based upon the record before us on appeal, we conclude that the petitioner has failed to demonstrate that the trial court departed from the essential requirements of law in its order compelling production. Topp Telecom, Inc. v. Atkins, 763 So.2d 1197, 1199 (Fla. 4th DCA 2000); Florida Sheriff's Self-Insurance Fund v. Escambia County, 585 So.2d 461, 464 (Fla. 1st DCA 1991); Goodyear Tire & Rubber Co. v. Cooey, 359 So.2d 1200, 1202 (Fla. 1st DCA 1978).
Petition DENIED.
ALLEN, VAN NORTWICK AND BROWNING, JJ., CONCUR.