BENTON, J.
 

 Nan H. Mullins, the defendant in a dental malpractice action filed by Alice Tompkins, petitions for a writ of certiorari. Dr. Mullins asks us to quash the trial court’s order which denied her motion for protective order, and required instead that the materials in controversy be unsealed and provided to Ms. Tompkins, a former patient: The trial court ruled that Dr. Mullins had waived any attorney-client privilege or work product protection merely by sending the documents to her own expert. Persuaded that the trial court’s ruling departs from the essential requirements of law and that its order would cause material harm that could not adequately be remedied on appeal, we grant the writ and quash the order.
 

 In the normal course of discovery, Ms. Tompkins scheduled the deposition of C. Benson Clark, another dentist whom Dr. Mullins had listed as an expert witness. In preparation for the deposition, Ms. Tompkins caused a subpoena duces tecum to issue which directed Dr. Clark to pro
 
 *800
 
 duce for the deposition his complete file, including all documents furnished to him by anyone. At the deposition, Dr. Clark testified that, in forming his opinion, he reviewed x-rays, photographs, transcripts of other depositions, and a model. Conceding other documents were in his possession, including the materials in controversy here, Dr. Clark testified that he had never read them.
 
 [1]
 

 Dr. Mullins’ counsel described the materials in controversy as letters from counsel (to Dr. Mullins and her malpractice insurer, whom he also represented) which included counsel’s evaluations of claims and defenses; and as e-mails and other correspondence from Dr. Mullins to him in which she explained in detail and commented on Ms. Tompkins’ care and treatment.
 

 The parties agreed to seal the materials in controversy pending a ruling by the trial court, and Dr. Mullins promptly moved for a protective order to prevent their disclosure to Ms. Tompkins. Attached to the motion was Dr. Mullins’ affidavit averring that she had never desired to waive any privileges applicable to the materials in controversy and that she had not even meant to send the materials to Dr. Clark, the expert. The trial court entered an order, however, ruling that, by negligently including the materials in controversy when she made the transmittal to her expert, Dr. Mullins had waived all applicable privileges, pursuant to section 90.507, Florida Statutes (2008). By petition for writ of certiorari, Dr. Mullins now asks this court to quash the order of the trial court.
 

 To “obtain a writ of certiorari, there must exist ‘(1) a departure from the essential requirements of the law, (2) resulting in material injury for the remainder of the case (3) that cannot be corrected on postjudgment appeal’ ”
 
 Reeves v. Fleetwood Homes of Fla., Inc.,
 
 889 So.2d 812, 822 (Fla.2004) (quoting
 
 Bd. of Regents v. Snyder,
 
 826 So.2d 382, 387 (Fla. 2d DCA 2002)). “A petition for writ of certiorari is appropriate to review a discovery order when the order departs from the essential requirements of law,”
 
 Metabolife Int’l, Inc. v. Holster,
 
 888 So.2d 140, 141 (Fla. 1st DCA 2004) (citing
 
 Allstate Ins. Co. v. Langston,
 
 655 So.2d 91, 94 (Fla.1995)), and would require disclosure negating a petitioner’s legal privilege in “violation of a clearly established principle of law.”
 
 Combs v. State,
 
 436 So.2d 93, 96 (Fla.1983).
 

 The privileges at issue here are the attorney-client privilege
 
 [2]
 
 and the work
 
 *801
 
 product privilege.
 
 [3]
 
 In her response to the petition for writ of certiorari, Ms. Tompkins concedes that “it is clear that ... the documents ... were ordinarily privileged under the attorney-client and/or work product privileges.” The principle of law at issue here is that a party does not automatically waive any privilege simply by furnishing protected or privileged material to the party’s own expert.
 
 See
 
 Fla. R. Civ. P. 1.280(b)(4)(B):
 

 A party may discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or preparation for trial and who is not expected to be called as a witness at trial, only as provided in rule 1.360(b) or upon a showing of exceptional circumstances under which it is impracticable for the party seeking discovery to obtain facts or opinions on the same subject by other means.
 

 Even when the expert is to testify, opposing parties may be unable to discover privileged material that is not being offered as evidence.
 
 See Smith v. State,
 
 873 So.2d 585, 591 (Fla. 3d DCA 2004) (“We also hold that the act of disclosing it [privileged material] to an expert witness who would be testifying at trial does not alone waive the work product privilege.”).
 
 But see
 
 Charles W. Ehrhardt & Matthew D. Schultz,
 
 Pulling Skeletons From the Closet: A Look Into the Work-Product Doctrine as Applied to Expert Witnesses,
 
 31 Fla. St. U.L.Rev. 67, 83-89 (Fall 2003).
 

 The trial court gave no indication it did not believe Dr. Clark’s testimony that he had not even read the privileged documents, much less find that he had relied on them in any way. Even assuming that work product and privileged communications provided to an expert witness become discoverable
 
 [4]
 
 if used as a basis for the expert’s opinion,
 
 see
 
 §§ 90.704-.705, Fla. Stat. (2008); Fla. R. Civ. P. 1.280(b);
 
 Northup v. Acken,
 
 865 So.2d 1267, 1270 (Fla.2004) (“[T]he scope of the attorney work product privilege protection is specifically bounded and limited to materials which are not intended for use as evidence
 
 *802
 
 or as an exhibit at trial.... On the other hand, if the evidence or material is reasonably expected or intended to be disclosed to the court or jury at trial, it must be identified, disclosed, and copies provided to the adverse party in accordance with the trial court’s order and the discovery requests of the opposing party.”);
 
 but see Lovette v. State,
 
 636 So.2d 1304, 1308 (Fla.1994) (“[T]he state cannot elicit specific facts about a crime learned by a confidential expert through an examination of a defendant unless that defendant waives the attorney/client privilege by calling the expert to testify and opens the inquiry .... ”), there has been no such showing here.
 

 In the present case, the trial court did not address the question of whether Dr. Clark used the materials in controversy in reaching his opinion. The trial court therefore departed from the essential re-quii'ements of law when it ruled that Dr. Mullins waived her attorney-client privilege or work product protection solely by virtue of the fact that she turned over— inadvertently, as far as can be told from this record- — the materials in controversy to an expert witness.
 

 The petition for writ of certiorari is granted, and the order under review is quashed.
 

 WEBSTER and ROBERTS, JJ., concur.
 

 [1]
 

 . The order under review does not reject this uncontroverted testimony.
 

 [2]
 

 . The privilege is codified in section 90.502(2), Florida Statutes (2008): “A client has a privilege to refuse to disclose, and to prevent any other person from disclosing, the contents of confidential communications when such other person learned of the communications because they were made in the rendition of legal services to the client.” Pursuant to section 90.502(1 )(c), Florida Statutes (2008), "[a] communication between lawyer and client is 'confidential' if it is not intended to be disclosed to third persons other than: 1. Those to whom disclosure is in furtherance of the rendition of legal services to the client. 2. Those reasonably necessary for the transmission of the communication.” Section 90.507, Florida Statutes (2008), provides: “A person who has a privilege against the disclosure of a confidential matter or communication waives the privilege if the person ... voluntarily discloses or makes the communication when he or she does not have a reasonable expectation of privacy, or consents to disclosure of, any significant part of the matter or communication. This section is not applicable when the disclosure is itself a privileged communication.” The parties do not dispute the applicability of the privilege, if it has not been waived.
 

 [3]
 

 . The parties do not dispute the applicability of the work product privilege to much of the material in controversy, if it has not been waived. This privilege, which is not absolute, is described in Florida Rule of Civil Procedure 1.280(b)(3), which provides in part:
 

 Subject to the provisions of subdivision (b)(4) of this rule, a party may obtain discovery of documents and tangible things otherwise discoverable under subdivision (b)(1) of this rule and prepared in anticipation of litigation or for trial by or for another party or by or for that party's representative, including that party's attorney, consultant, surety, indemnitor, insurer, or agent, only upon a showing that the party seeking discovery has need of the materials in the preparation of the case and is unable without undue hardship to obtain the substantial equivalent of the materials by other means. In ordering discovery of the materials when the required showing has been made, the court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation.
 

 Subdivision (b)(4), which deals specifically with discovery in relation to expert witnesses, provides that "[djiscovery of facts known and opinions held by experts, otherwise discoverable under the provisions of subdivision (b)(1) of this rule [i.e., relevant and not privileged] and acquired or developed in anticipation of litigation or for trial, may be obtained" by the procedure set forth in the subdivision.
 

 [4]
 

 .
 
 See Smith v. State,
 
 873 So.2d 585, 590 (Fla. 3d DCA 2004) ("[MJaterials lose their privileged status and are discoverable when they are intended to be used at trial. We have been given no indication, however, that the disputed materials here ... are reasonably expected or intended to be used at trial. If they are, we would of course agree that they are discoverable.").