HAWKES, J.
 

 In this case, defendant pled no contest to two charges of sexual conduct with a minor. After entering the plea, and in preparation for sentencing, defendant’s attorney argued defendant had an absolute right to take the victim’s deposition. His argument was based on the fact that the victim was listed as a Category A witness in the State’s discovery response. When the defendant attempted to schedule the deposition, the State filed a motion for a protective order. After conducting a hearing on the State’s motion, the trial court granted the motion, commenting that criminal defendants have no right to conduct discovery following a plea, but prior to sentencing. We disagree with this ruling, but affirm the result.
 

 
 *306
 
 Facts
 

 The State charged defendant with lewd or lascivious battery, and child abuse by impregnation. Both charges addressed defendant’s sexual conduct with the same victim. Defendant pled no contest to the charges and signed a plea form containing the following language:
 

 If the judge accepts this plea, I give up the right to a trial, the right to require the State to prove the charge against me beyond a reasonable doubt, the right to have a jury decide whether I am guilty or not guilty, the right to see and hear the witnesses against me and to have my lawyer question them, the right to subpoena and present witnesses or other evidence or any defenses I may have, and to testify or remain silent as I choose.
 

 (emphasis added).
 

 After the trial court accepted the plea, but prior to sentencing, defendant provided notice of his intent to depose the victim. Defendant indicated that if the deposition led to evidence that the sexual activity was consensual, it could be used to mitigate the charge of sexual battery.
 
 See
 
 § 921.0026(2)(f), Fla. Stat. (2010) (providing for mitigation in non-capital offenses when the “victim was an initiator, willing participant, aggressor, or provoker of the incident”);
 
 see also State v. Rife,
 
 789 So.2d 288, 296 (Fla.2001) and
 
 Shuler v. State, 947
 
 So.2d 1259, 1260 (Fla. 5th DCA 2007) (both cases indicating trial judges may mitigate a defendant’s sentence to a charge of sexual battery on a minor if there is evidence of victim consent).
 

 Defendant claimed to have an absolute right to conduct the deposition under Rule 3.220. He specifically cited Rule 3.220(h)(1)(A), which allows a defendant to depose anyone whom the prosecutor has listed as a Category A witness. Because the State had originally listed the victim as a Category A witness, defendant claimed he had a right to depose her under the Rule. Although he had already entered a plea, he claimed Rule 3.220(h)(1)(A) was still applicable as it extended through all stages of the criminal proceeding. The State disagreed, claiming discovery is appropriate only pretrial and is inapplicable to sentencing. An evidentiary hearing was then held.
 

 During the hearing, the trial court verbally granted the protective order, preventing the deposition from taking place. The decision was based upon only the court’s belief that criminal defendants do not have a right to conduct discovery once the case proceeds to sentencing. The court went on to state that although it was prohibiting defendant from conducting discovery, he would be free at sentencing to present any available evidence showing the sex was consensual.
 

 At the sentencing hearing, defendant testified in his own behalf in hopes of mitigation. He stated the victim initiated their sexual encounter, they had sex only once, and that it was consensual. Also provided was the victim’s statement to the investigating officer in which she stated that she willingly went to the defendant’s apartment and engaged in sex. The trial court then rendered its sentence. It did not mitigate any sentences, but did impose the lowest permitted penalty under the Criminal Punishment Code for the battery charge.
 
 [1]
 
 This appeal followed.
 

 
 *307
 
 Standard of Review
 

 The question on appeal is whether the portion of Rule 3.220 regarding the deposition of Category A witnesses applies when a defendant is preparing for sentencing. This is a question of law subject to de novo review.
 
 See Taylor v. State,
 
 62 So.3d 1101, 1108 (Fla.2011) (applying de novo review to determine whether a particular rule of procedure is applicable).
 

 Categorization of witnesses is relevant only for the guilt and innocence phase of a criminal proceeding
 

 The trial court reached its ruling without addressing defendant’s rationale for conducting the deposition. Before addressing the trial court’s reasoning, we first comment upon whether defendant’s rationale for conducting the deposition had merit. As detailed above, defendant argued Rule 3.220(h)(1)(A) gave him the right to depose the victim at sentencing due to her classification as a Category A witness. Defendant misconstrues the law.
 

 Rule 3.220 covers in broad strokes how to conduct discovery at each critical stage of a proceeding, including both trial and sentencing. However, not all of the Rule’s provisions are applicable at all times. Rule 3.220(b)(1)(A) — which defines Category A, B, and C witnesses — is such a provision. Rule 3.220(b)(1)(A) classifies witnesses based on their level of knowledge concerning the charged offense.
 
 [2]
 
 Such classification is based on the witness’s ability to contribute towards determining the guilt or innocence of the defendant.
 

 Once the trial stage is complete, the witness categories become irrelevant because questions of guilt have already been determined. At that point, there is no longer a need to differentiate witnesses based on their knowledge of the various elements of the offense. For instance, a witness designated as Category A might have eyewitness testimony concerning the defendant’s guilt which might prove critical at trial. However, that same witness might have no relevant testimony to offer concerning sentencing. Conversely, a witness who neither party planned to call at trial and who has no direct knowledge of the charged offense might nevertheless have testimony that is critical to sentencing matters.
 

 With this in mind, defendant is incorrect in claiming he was entitled to depose the victim in preparation for sentencing based only upon her classification as a Category A . witness. The trial court was not required to allow the deposition for sentencing, despite the victim’s classification as a Category A witness. The question thus becomes how the trial court should have responded when it received the State’s motion for protective order.
 

 Discovery may be applicable to any critical stage of a criminal proceeding
 

 At the hearing, the trial court granted the protective order based on its belief that defendants have no right to conduct discovery in preparation for sentencing. The trial court’s ruling fails to acknowledge the language of the Rule, as well as policy considerations.
 

 
 *308
 
 The language of Rule 3.220 is broad and not restricted in scope to only the trial stage of a criminal proceeding. For example, the provision of Rule relied on by defendant states a defendant may depose any witness slated to be called by a co-defendant at “a joint trial or
 
 hearing.”
 
 (emphasis added). It goes on to state the prosecutor may depose any witness “listed by the defendant to be called at a trial
 
 or hearing.”
 
 (emphasis added). Obviously, hearings may occur either pre- or post-trial.
 

 Another illustration of the breadth of the Rule can be seen in how the Fifth District has allowed discovery during sentencing. In
 
 Booker v. State,
 
 the Fifth District found the language of Rule 3.220 “allow[s] reciprocal discovery in the trial and penalty phases of a capital case.” 634 So.2d 301, 302 (Fla. 5th DCA 1994). The Second District favorably cited
 
 Booker
 
 in two cases, each holding that Rule 3.220 extends to sentencing in capital cases.
 
 See State v. Clark,
 
 644 So.2d 556, 557 (Fla. 2d DCA 1994);
 
 Sexton v. State,
 
 643 So.2d 53 (Fla. 2d DCA 1994).
 
 [3]
 

 From a policy perspective, this is logical as sentencing hearings often involve evidentiary issues which may have not been addressed at trial. Issues such as mitigation or restitution, both of which are unique to sentencing, require the introduction of evidence. Because such new evidentiary issues may be raised at sentencing, the parties should be allowed to prepare by conducting discovery under Rule 3.220.
 

 In short, because the language of Rule 3.220 does not prohibit the Rule’s application to sentencing hearings, and because new evidentiary issues requiring discovery may arise at sentencing, we find the Rule applies to sentencing, as well as to any other critical stage of the proceeding. This means defendant — while not possessing an absolute right to conduct the deposition — was entitled to have the trial court exercise its discretion on the State’s motion for a protective order, as in all discovery disputes.
 
 See Philippon v. Shreffler,
 
 33 So.3d 704, 708 (Fla. 4th DCA 2010);
 
 Escutia v. Greenleaf Products, Inc.,
 
 886 So.2d 1059, 1061 (Fla. 1st DCA 2004). The trial court should have evaluated the motion for a protective order by weighing the possibility that the deposition would uncover evidence pertinent to sentencing against such factors as the victim’s young age and emotional state. The trial court also should have considered defendant’s ability to obtain evidence regarding consent from other sources, as well as whether the State entered into the plea agreement based on its desire to protect the victim from the ordeal of testimony. The trial court erred by failing to exercise its discretion through conducting a balancing test. However, the error was harmless in this case.
 

 The error was harmless given the other evidence demonstrating consent
 

 The State raises two arguments for harmless error, only one of which is persuasive.
 

 First, the State argues defendant waived the right to conduct further discovery because, in his plea form, he surrendered “the right to see and hear the witnesses against me and to have my lawyer
 
 *309
 
 question them[.]” The State’s argument would be stronger had the plea form indicated a particular sentencing arrangement. However, the plea form specifically states “[t]here is no agreement as to sentence. The sentence will be determined by the judge.” Because defendant’s plea did not cover sentencing, certain evidentiary issues — such as mitigation — were left unresolved. Therefore, any waivers contained in the plea form pertained exclusively to trial, not to sentencing.
 

 Second, the State claims that although defendant was not allowed to depose the victim concerning the nature of their relationship, any error was harmless as additional evidence in the record showed their sexual relationship was consensual. We find this argument to be persuasive. The issue of consent was fully addressed in the victim’s police statement and defendant’s testimony at the sentencing hearing. In particular, the victim submitted a statement claiming that each sexual incident with defendant was consensual, and defendant informed the court that the victim had initiated their sexual relationship. Considering this evidence, it is difficult to see how deposing the victim would have revealed new information concerning the issue of consent. The trial court had sufficient evidence on which to find the sex was consensual before making its sentencing decision.
 

 Conclusion
 

 Given the foregoing, we find that defendant was not entitled to depose the victim based on her Category A status. However, he was entitled to have the trial court weigh the merits of conducting the deposition, and the trial court erred in failing to do so. We AFFIRM only because additional evidence rendered this error harmless. We instruct the trial court that defendants have a right to conduct discovery at any critical stage of a criminal proceeding, and it should treat discovery disputes at any such stage in the same manner as those brought at trial.
 

 ROWE, J., concurs; BENTON, C.J., dissents without opinion.
 

 [1]
 

 . In particular, defendant received 115.5 months of imprisonment and five years of probation for the battery charge. He also received a five-year term of imprisonment for the child abuse charge, with this sentence to run concurrent to the sentence for the battery charge.
 

 [2]
 

 . For example, Category A witnesses are defined as "(1) eye witnesses, (2) alibi witnesses and rebuttal to alibi witnesses, (3) witnesses who were present when a recorded or unrecorded statement was taken from or made by a defendant or codefendant [ ], (4) investigating officers, (5) witnesses known by the prosecutor to have any material information that tends to negate the guilt of the defendant as to any offense charged, (6) child hearsay witnesses, and (7) expert witnesses who have not provided a written report and a curriculum vitae or who are going to testify.” Fla. R.Crim. P. 3.220(b)(l)(A)(i)-(iii).
 

 [3]
 

 . Although these opinions pertained to capital cases — -which involve full evidentiary hearings for sentencing — the basis for the decisions was that the phrase "trial or hearing,” as used in Rule 3.220(d)(1)(A), encompasses more than just the trial. This logic is not dependent upon the nature of the underlying offense and, thus, may be applied in non-capital proceedings such as the instant case.