FERNANDEZ, J.
Walter Bailey petitions this Court for a writ of certiorari seeking to quash the trial court’s discovery order or, in the alternative, a writ of mandamus requesting that the court appropriately review the discovery order it entered involving Bailey’s penal phase proceedings. We deny Bailey’s petition for writ of certiorari because the court properly used its discretion when it entered the discovery order and ordered an in camera review. Furthermore, we deny the petition for a writ of mandamus because Bailey did not prove the elements necessary to obtain such a writ, nor did the trial court fail in the execution of any ministerial duty owed to Bailey.

1. Factual and Procedural Background

Bailey is set for trial on the charges of first-degree murder, attempted murder, attempted felony murder, burglary with assault, and armed robbery. The State seeks the death penalty.
In compliance with applicable rules of procedure, Bailey identified four mental health experts whom he retained to potentially call upon as witnesses in the event of a penalty phase proceeding (“PPP”). The *216 State has not provided any discovery relative to its use of experts in the potential PPP.[1]
The State filed a motion seeking pretrial production of reports, testing data, notes, and evaluations conducted by the four mental health experts. Bailey objected, after which the court directed Bailey to produce all requested materials. The court further ordered the redaction of any information Bailey believed should be redacted for the in camera review. The court also requested an index of the portions of discovery that might be harmful to Bailey’s rights.
Bailey moved for reconsideration and clarification of the order. At the hearing, the State claimed that no authority for reconsideration of discovery orders existed. The court subsequently granted the State’s motion to strike Bailey’s motion. The court also denied Bailey’s request for an explanation of the court’s reasoning underlying its decision to strike the reconsideration motion.
Bailey requests certiorari relief from the trial court’s discovery order. In the alternative, Bailey requests a writ of mandamus compelling the trial court to undertake a merits review or issue a written order detailing the reasons for striking his motion for reconsideration.

2. Analysis

a. Certiorari Review

We deny Bailey’s request for a writ of certiorari. Certiorari is appropriate when a discovery order departs from the essential requirements of law, causes material injury to a petitioner throughout the remainder of the proceedings, and effectively leaves no adequate remedy on appeal. Allstate Ins. Co. v. Langston, 655 So.2d 91, 94 (Fla.1995). Discovery that may reasonably cause material injury of an irreparable nature includes material protected by privilege, work product, or that involves a confidential informant that may cause such injury if disclosed. Martin-Johnson, Inc. v. Savage, 509 So.2d 1097, 1100 (Fla.1987).
First, the court did not depart from the essential requirements of law when it ordered pretrial discovery of potentially privileged information from potential expert witnesses. Florida Rule of Criminal Procedure 8.220, which delineates the reciprocal discovery rules used in criminal proceedings, applies to guilt and penalty phase proceedings. Abdool v. State, 53 So.3d 208, 219-20 (Fla.2010); State v. Clark, 644 So.2d 556, 556 (Fla. 2d DCA 1994); Sexton v. State, 643 So.2d 53, 53 (Fla. 2d DCA 1994); Booker v. State, 634 So.2d 301 (Fla. 5th DCA 1994). The rule requires disclosure of “reports or statements of experts made in connection with the particular case, including results of physical or mental examinations and of scientific tests, experiments, or comparisons” provided the plaintiff makes a timely request for the information. Fla. R. Crim. P. 3.220(d)(1)(B); Abdool, 53 So.3d at 219-20.
 However, rule 3.220 also allows trial courts to exercise their discretion regarding the extent of disclosure and times for compliance upon a showing of good cause or materiality. See Fla. R. Crim. P. 3.220(f), (k). Rule 3.220 requires disclo *217 sure of all defense witnesses prior to the PPP. See Clark, 644 So.2d at 556-57.
In addition, a defendant must disclose raw data from mental health experts prior to a PPP. See Abdool, 53 So.3d at 219-20. The defendant in Abdool complained that the trial court erred when it ordered the defense to produce raw data from the defense’s mental health expert prior to the penalty phase. Id. at 219. The Florida Supreme Court disagreed with the defendant. Id. The Court reaffirmed that rule 3.220 applies to the PPP and noted that the mandated reciprocal discovery includes disclosure of reports or statements of experts. Id.
This Court has determined that rule 3.220 requires reciprocal discovery regarding information relied upon by experts. See Smith v. State, 873 So.2d 585, 587 (Fla. 3d DCA 2004). This Court has also specifically protected work product from discovery. Id.
Bailey argues that he need not disclose the requested data because there is no precedent that allows such disclosure pretrial, the information is privileged, and disclosure would intrude on his work product. He distinguishes Clark, arguing that the court in Clark did not approve such discovery order. He claims such a discovery order, entered pretrial, places the defense in the position of either delaying PPP preparation for fear of revealing privileged matters or waiving the right to present a PPP defense in order to have a fair trial on guilt issues. However, Bailey fails to recognize the court’s order for in camera review here is meant to limit the broad discovery order of which Bailey complains.
The review process should preserve Bailey’s privileged work product from disclosure. The trial court relies on Abdool to justify the order for data and tests from Bailey’s mental health experts. In Abdool, the court specifically permitted the disclosure of raw data from the mental health expert who was to be used as a PPP witness. See Abdool, 53 So.3d at 219-20. Similarly, the trial court here correctly permitted the disclosure of raw data from the mental health experts who Bailey intends to call as potential PPP witnesses. The court did acknowledge that some of the requested discovery material from Bailey’s experts (notes, reports, evaluations, testing, and other items) may be privileged. Consequently, the court addressed Bailey’s concerns when it requested submission of all requested material to the court for in camera review.
The State is entitled to fully review materials upon which a defense expert relies. However, the court must protect work product during in camera review. In Smith, this Court made clear that if requested documents, compiled by defense counsel, do not fall into the category of rule 3.220(d)(B)(ii) — reports, statements, physical or mental exams, experiments or comparisons made by experts in connection with a particular case — then the material is privileged work product. Smith, 873 So.2d at 587. The court, during in camera review, will determine if the requested material is work product and therefore privileged. However, if disputes still exist after in camera review, the defense still has the opportunity to seek a writ of certiorari regarding specific disclosures, as was the case in Smith.
Next, Bailey claims the trial court erred when it failed to apply the requisite rules of construction in its interpretation of rule 3.220 beyond the statute’s facial language. We conclude that the court did not depart from the essential requirements of law when it did not apply the standard rules of construction to rule 3.220.
*218 The basis for Bailey’s complaint is contrary to case law. The trial court’s interpretation of rule 3.220, as Bailey suggests, adds a requirement of premature disclosure into the statute because the rule is silent on the timing of disclosures for privileged materials specifically for use in a PPP. However, disclosure of materials related to a PPP can occur even prior to conviction. See Sexton, 643 So.2d at 53 (applying discovery rules to penalty phase proceedings prior to the defendant’s murder conviction). See also Clark, 644 So.2d at 557 (clarifying the holding in Sexton). The trial court also may exercise its discretion on the scope of discovery. Therefore, any “additional requirement” to rule 3.220, justified upon a showing of materiality, can- be considered an exercise of the court’s discretion under 3.220(f).
Bailey further claims that the trial court departed from the essential requirements of law and did not preserve his Fifth Amendment rights when it required discovery. The court did not violate Bailey’s Fifth Amendment rights when it entered the discovery order and in camera review.
Compelled disclosures to the government may be required from the defendant in order to aid the State’s investigative purposes. However, such compelled disclosures may not be used against the person who made them. See Kastigar v. United States, 406 U.S. 441, 444-45, 92 S.Ct. 1653, 32 L.Ed.2d 212 (1972). In Kastigar, the United States Supreme Court held that the Fifth Amendment protects against disclosures that the “witness reasonably believes could be used in a criminal prosecution or could lead to other evidence that might be so used.” Id. The Court also prohibited use of any evidence obtained by focusing the investigation on a witness as a result of his compelled disclosure. Id. Bailey relies on Kastigar and other United States Supreme Court cases to advance the argument that disclosure of the experts’ notes and summaries will result in disclosure of potentially incriminating conversations between Bailey and the experts. Bailey contends the “compelled disclosure” of evidence from the experts violates his Fifth Amendment protections against self-incrimination. The disclosures will, hypothetically, assist the State’s trial preparation which juxtaposes against the rules established in Kastigar that govern the use of compelled disclosures.
The State contends that the discovery request is not intended to produce any compelled disclosure, or any information containing Bailey’s statements about the subject crimes. However, the State suggests that Bailey’s concerns may be assuaged by an in camera review of a privilege log of those documents Bailey believes are incriminating. The court adopted the State’s perspective and ordered an in camera review to ensure not only that privileged disclosures do not occur but also that no compelled disclosures are used to facilitate the State’s trial preparation.
We also conclude that the trial court did not depart from the essential requirements of law when it relied on the State’s assertions as a basis for the discovery order. Bailey complains that the reasoning underlying the court’s decision to compel discovery—the lengthy delay in penalty proceedings—is premised on unsupported and erroneous assumptions. Bailey alleges the trial court abused its discretion when it refused to hold an evi-dentiary hearing prior to the entry of the discovery order and accepted the State’s assumptions on the length of delay if discovery was not produced pretrial. The court’s order did express its concern over the “months of delay [that] will result in a case which has been pending for almost six years.” Bailey alleges that the court did *219 not express concern whether the State had met its burden of proving “significant” delay between the guilt and penalty phases given that the court withheld discovery.
Although Bailey complains the State did not meet its burden, he fails to cite any discovery rule imposing such a burden. In order to obtain an extension to the scope of discovery, the State would have to prove “materiality” under rule 3.220(f). In order to obtain a change in compliance times or a reduction in the scope of discovery, a “good cause showing” is required under rules S.220(k) and (l). However, rule 3.220 does not require the State to prove a “significant” delay to justify its access to materials prior to the phase for which the materials are intended.
The trial court’s decision does appear to be based on the State’s speculation regarding the amount of delay and the amount of discovery to be produced if not disclosed pretrial. However, trial courts have broad discretion over discovery matters, and discovery orders will only be overturned if there is an abuse of discretion constituting “fatal error.” Am. S. Co. v. Tinter, Inc., 565 So.2d 891, 892 (Fla. 3d DCA 1990); Tanchel v. Shoemaker, 928 So.2d 440, 441-42 (Fla. 5th DCA 2006). The rationale underlying the trial court’s discovery order, even if factually unsupported, does not constitute an abuse of discretion. Bailey complains that the trial court did not specifically state why other procedures were insufficient to limit the discovery order, but the court is not required to so explain.

b. Mandamus Review

Finally, we deny Bailey’s request for a writ of mandamus. To be entitled to a writ of mandamus, the petitioner must show the existence of a clear legal right on his or her part, a ministerial duty on the part of the respondent, and the absence of any other adequate legal remedy. Morse Diesel Intern., Inc. v. 2000 Island Blvd., Inc., 698 So.2d 309, 312 (Fla. 3d DCA 1997). We conclude that the court properly executed its ministerial duty owed to Bailey when it denied his motion to reconsider the discovery order. Bailey fails to show the existence of a clear legal right on his part, a ministerial duty on the part of the court, and the absence of any other adequate legal remedy. Bailey thus cannot obtain a writ of mandamus.

3. Conclusion

We therefore conclude that the trial court did not depart from the essential requirements of the law when it entered the discovery order for pretrial disclosure of information from the defense experts. Rule 3.220 requires reciprocal discovery, even for penalty phase proceedings, and extends to the data produced and relied upon by defense experts. The court ordered in camera review will prevent any privileged materials from disclosure to the State. The review process will also preserve Bailey’s Fifth Amendment rights of due process and protection against self-incrimination. After in camera review, Bailey may raise any concerns before the trial court if he believes the information to be disclosed is still privileged or considered compelled disclosure.
Accordingly, we deny Bailey’s petition for writ of certiorari or writ of mandamus.
Petitions denied.

. A PPP occurs only upon conviction or adjudication of an individual’s guilt of a capital felony, and the proceeding determines whether the individual will be sentenced to life imprisonment or death. At a PPP, evidence may be presented about any matter relevant to the nature of the crime and the character of the accused. The court enters a sentence after it weighs the evidence and considers a jury's recommendation.