*404 FERNANDEZ, J.
The State of Florida petitions this Court for a writ of certiorari to review an order rendered by the trial court which denied, in part, the State’s motion to compel discovery. We agree that the trial court’s order departs from the essential requirements of law because the respondent, British Moss, never presented the trial court a request and a showing for good cause. Accordingly, we grant the writ.
Moss was indicted for first-degree murder, as well as armed robbery with a firearm. Intending to seek the death penalty, the State moved to compel discovery of all defense witnesses Moss was going to call at both the guilt and penalty phases. In its motion, the State contended that it was entitled to this discovery, pursuant to Florida Rule of Criminal Procedure 3.220. The State asked Moss to list his witnesses and provide notes, reports and raw data regarding any testing from any expert Moss intended to call. The State also noted that it was not seeking any work product.
Moss filed a response, requesting that the, trial court deny the motion and defer the penalty phase discovery until after the guilt phase. Although Moss acknowledged that the State indicated it was seeking the death penalty and that Moss identified experts he planned to call at the penalty phase, Moss argued that there was no authority that required compliance with rule 3.220 prior to trial regarding the penalty phase.
At a hearing on the State’s motion, the State contended that it was entitled to discovery regarding defense witnesses and experts, regardless of the phase of trial at which the defense intended to present that evidence prior to trial. Moss argued that the decision regarding when he needed, to disclose penalty phase discovery was a “discretionary call” by the trial court. Moss further objected to disclosure on Fifth Amendment grounds.
The trial court acknowledged the State’s need for information regarding the defense’s experts in order to prepare for trial. However, the court stated that the defense would be required to disclose the information “as soon as the defense commits to an expert, if one is needed, if a conviction is obtained.” The trial court also stated that if a conviction of first-degree murder was obtained by the State, it would not begin the penalty phase immediately but would give the State time to adequately prepare for the penalty phase.
Thereafter, Moss moved for an order requiring that the State provide a statement of particulars regarding the aggrava-tors it would rely on at the penalty phase. The trial court granted the motion, and the State filed a notice of particulars, stating that it planned to rely upon a prior violent felony, during the course of a felony, and for pecuniary gain aggravators.
The State then renewed its motion to compel discovery of all defense witnesses and documents, based on this Court’s decision in Bailey v. State, 100 So.3d 213 (Fla. 3d DCA 2012), which the State contended made it clear that rule 3.220 applied to production of discovery regarding penalty phase evidence prior to- trial and that respondent had to show good cause to support any request to delay disclosure. The State reaffirmed its position that it would not seek work product and would agree to defer production of Moss’ statements, but that any information that was alleged to fall in either of these, categories should be submitted for in camera review.
Moss filed his response[1] and acknowledged that , he had been evaluated by Dr. Heather Holms, Dr. Jethro Toomer, Dr. Michele Quiroga, Dr. Rebecca Cooper, and Dr, Brad Fisher. He further stated that *405 he planned to seek another expert because Dr. Fisher had died, and he planned to call three of these experts at the penalty phase. He acknowledged that Bailey existed but argued that he should not be required to provide discovery, because in the. past, he had routinely violated rule 3.220, and he believed that a break between the guilty and penalty phases was proper to allow the jury a “cooling off period.”
At the hearing on the motion, the trial court stated that it would requii-e Moss to name his experts and produce their curriculum vitaes, but that it would not require discovery on the work the experts had done until a later date.- Moss later indicated he was - ready for trial, so the State asked the trial court to set a pretrial deadline for disclosure of penalty phase information. The trial court then stated that it would require disclosure at the guilt phase, after the jury retired to deliberate. In its written order, the trial court indicated that Moss had shown good cause that the discovery was not yet ripe. The State now seeks the issuance of a writ of certiorari quashing this order.
According to Florida Rule of Criminal Procedure 3.220(d): »
(1) If a defendant elects to participate in discovery, either through filing the appropriate notice or by participating in any discovery process, including the taking of a discovery deposition, the follow-ing disclosures shall be made:
(A) Within 15 days after receipt by- the defendant of the Discovery Exhibit furnished by the prosecutor pursuant to subdivision (b)(1)(A) of this rule, the defendant shall furnish to the prosecutor a written list of the names -and addresses of all witnesses whom the defendant expects to call as witnesses at the trial or hearing. When the prosecutor subpoenas a witness whose name has been furnished by the defendant, except .for trial subpoenas, the rules applicable to the taking of depositions shall • apply.
(B) Within 15 days after receipt of the prosecutor’s Discovery Exhibit the' defendant shall serve a written Discovery Exhibit which shall disclose to and permit the prosecutor to inspect, copy, test, and photograph the following- information and material that is in the defendant’s possession or control:
(i) the.statement of any person listed in subdivision (d)(1)(A), other than that of the defendant;
(ii) reports or statements of experts made in 'connection with the particular case, including results of-physical or mental examinations and of scientific tests, experiments, or comparisons; and
(iii) any tangible papers or objects that the defendant intends to use in the hearing or trial.
Florida law holds that this provision applies to information regarding witnesses and evidence that a defendant intends to present at the penalty phase. Abdool v. State, 53 So.3d 208, 219-20 (Fla.2010); Bailey v. State, 100 So.3d 213, 216 (Fla. 3d DCA 2012); Davis v. State, 73 So.3d 304, 308 (Fla. 1st DCA 2011); State v. Clark, 644 So.2d 556 (Fla. 2d DCA 1994); Booker v. State, 634 So.2d 301 (Fla. 5th DCA 1994). In addition, rule 3.220(k) allows a trial court to alter the timing of disclosure but only upon a showing of good cause. Times Pub. Co. v. State, 903 So.2d 322, 326-27 (Fla. 2d DCA 2005). Even when presented with a .motion asserting good cause, a trial court still cannot find good cause without providing a full and fair' opportunity to be heard and serious consideration of the party’s opposition. Demings v. Brendmoen, 158 So.3d 622 (Fla. 5th DCA 2014).
*406 The record does not reflect that Moss asked the trial court to extend the time for him to comply with his discovery obligations. Because Moss did not request relief under rule 3.220(k) and did not show good cause, the trial court departed from the essential requirements of law. Times Pub. Co., 903 So.2d at 326-27.
Moreover, even had Moss asked for additional time and tried to show good cause, the trial court still departed from the essential requirdments of law. In its order, the trial court found good cause to delay disclosure due to Moss’ contention that the disclosure of penalty phase information was not ripe. Florida Rule of Criminal Procedure 3.220(d) required Moss to disclose his witnesses within fifteen days of receipt of the State’s discovery request. In addition, rule 3.220(j) required Moss to disclose any additional witnesses and evidence “promptly” and “in the same manner as required under” rule 3.220 “for initial discovery” once he discovered the information. At the renewed motion to compel hearing, Moss acknowledged that he had already decided he would be calling his experts at the penalty phase. Thus, Moss’ requirement to provide the discovery was overdue according to rule 3.220 and according to the previously cited Florida cases that hold the rule applies to the penalty phase. See Abdool, 53 So.3d at 219-20; Bailey, 100 So.3d at 216; Davis, 73 So.3d at 308; Clark, 644 So.2d at 556; Booker, 634 So.2d at 301.
In sum, the trial court’s order denying the State’s motion to compel departs from the essential requirements of law, and it prejudices the State in a manner that cannot be remedied on appeal. As the State contends, the state has a legitimate interest in having a single jury at the guilty and penalty phases, as well as a legitimate interest in excluding from that jury persons who cannot fairly consider issues regarding a death sentence. Lockhart v. McCree, 476 U.S. 162, 175-82, 106 S.Ct. 1758, 90 L.Ed.2d 137 (1986). In addition, the Florida Supreme Court has rejected claims that separate juries should be employed at the guilt and penalty phases. Melton v. State, 638 So.2d 927, 929 (Fla.1994); Riley v. State, 366 So.2d 19, 21 (Fla.1978). Consequently, the State is legally entitled to question the venire members regarding the mitigation Moss plans to present and exclude from the jury those potential jurors whose prejudices and biases would prevent them from considering the death penalty. Without the State having knowledge of the types of mitigation Moss might present, it will not be able effectively to question the venire members. At that point, the State would have no remedy. We thus grant the petition for writ of certiorari and quash the portion of the trial court’s order that denied in part the State’s motion to compel discovery.
Petition granted; order quashed in part.
SALTER, J., concurs.

. That the error was not a mere subconscious inadvertence is confirmed by the fact that the majority later reiterates its assertion that the lack of a "request” was the fatal flaw in the defense opposition to the State’s motion to compel. The majority writes, "Because Moss did not request relief under rule 3.220(k) and did not show good cause, the trial court departed from the essential requirements of law.” Maj. Op. at p. 406 (emphasis added)