DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**BUCKEYE PLUMBING, INC.** and **ADOLPHUS A. HAYLES,**
Petitioners,

v.

**JEFFREY TODD,**
Respondent.

No. 4D21-2568

[August 3, 2022]

Petition for writ of certiorari to the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Jaimie R. Goodman, Judge; L.T. Case No. 50-2020-CA-007460-XXXX-MB.

Kansas R. Gooden of Boyd & Jenerette, P.A., Miami, and Lara J. Edelstein of Boyd & Jenerette, P.A., Boca Raton, for petitioners.

Andrew A. Harris of Harris Appeals, P.A., Palm Beach Gardens, and David J. Glatthorn of David Glatthorn Law, West Palm Beach, for respondent.

PER CURIAM.

*Petition denied.*

CIKLIN and FORST, JJ., concur.
WARNER, J., dissents with opinion.

WARNER, J., dissenting.

I would grant the petition and quash the order requiring the defendant to produce a surveillance tape to the plaintiff which was protected by the work product privilege. The trial court ordered production of the tape because it found that the defense had waived its work product privilege by disclosing the tape to their retained medical expert. In that ruling, the trial court departed from the essential requirements of law. "The principle of law at issue here is that a party does not automatically waive any privilege simply by furnishing protected or privileged material to the party's own expert." *Mullins v. Tompkins*, 15 So. 3d 798, 801 (Fla. 1st DCA 2009);

*see also Smith v. State*, 873 So. 2d 585, 591 (Fla. 3d DCA 2004) ("We also hold that the act of disclosing [privileged material] to an expert witness who would be testifying at trial does not alone waive the work product privilege."). Further, the expert testified that he did not rely on the surveillance tape in his opinions; therefore, production of the tape would not be required pursuant to Florida Rule of Civil Procedure 1.280(b)(5).

\*         \*         \*

***Not final until disposition of timely filed motion for rehearing.***

2